No. 29.—John Kerr, administrator, &c. plaintiff in error, vs. Thomas J. Waters and others, executors, defendants. in error.

[1.] One executor is not liable for assets which come to the hands of his co-executor; nor ordinarily responsible for his *laches.*

In Equity, in Gwinnett Superior Court. Tried before. Judge Jackson, March Term, 1855.

This bill was filed in 1850, by Sarah Elbert, against George M. Waters, as one of the executors of John Pray, deceased, to recover a legacy bequeathed her, of $500, to be paid from a bond held by testator on John J. Maxwell, a co-executor with Waters, and due in 1827. Pray died in 1819. Pending the suit, both complainant and defendant died, and their representatives were made parties. The defendant's answer showed that the bond of Maxwell had never been in the custody of Waters; that in 1826, Waters ceased to take any active part in the management of the estate; and relied also. upon the lapse of time as a bar. A joint inventory, made by the executors, included this bond.

Complainant's Counsel requested the Court to charge the. Jury—1st. That an executor is liable for the default of his. co-executor.

2d. That when one of two executors is a debtor to the estate, and is solvent at the time of taking execution of the will, it is the duty of the co-executor of such debtor, to see that the debt is paid into the funds of the estate; and that if it is. lost, he neglecting to look after it, he is liable.

3d. That when two co-executors execute a joint inventory of the estate, and return the same to the Court of Ordinary as their joint act, that each is liable for the whole estate so inventoried, and responsible for each other's safe-keeping and. management thereof, without reference to a subsequent division of the assets between themselves.

Kerr, adm'r, &c. *vs.* Waters *et al.* ex'rs.

4th. That the plaintiff is not barred, in this case, by the lapse of time.

The Court declined so to charge, but charged the Jury, that one executor was not bound for the default of his co-executor, unless he came into possession of the estate squandered, or participated actively in the management of the particular estate squandered; that the fact of a joint inventory and appraisement, was not, "in the teeth of the defendant's answer," sufficient evidence to bind Waters for this bond

This charge and refusal to charge are assigned as error.

HUTCHINS; COBB & HULL, for plaintiff in error.

PEEPLES; T. R. R. COBB, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In *Hall and others, plaintiffs in error, against Carter & Kenan, executors, &c.* (8 *Ga. R.* 388,) this Court held, that one executor is not liable for assets which come to the hands of his co-executor, nor was he ordinarily responsible for his *devastavit.*

We consider this case as fully embraced in that decision. Indeed, without stopping to institute a comparison between the two, we have no hesitation in saying, that this is a much weaker case than the other, on many accounts. Not only was the bond of John J. Maxwell, the co-executor, out of which the legacy bequeathed to Sarah Elbert was to be paid, never in the possession, custody or control of George M. Waters, but the latter had ceased, for a quarter of a century, to take any active part in the management of the estate of Pray, the testator—John Pray. And that is not all. Maxwell, the co-executor and real debtor, resides in the neighboring State of Florida, and is entirely responsible. If he is in default, follow him and let not the collection of this claim be forced out of an innocent party, on account of the *laches* of Maxwell.