Henderson *vs.* Levy.

---

JAMES HENDERSON, plaintiff in error, *vs.* SAMUEL LEVY, Ordinary, for use, defendant in error.

A creditor of the intestate, except as provided in the 3386th section of the Code, cannot institute suit against the administrator and the securities on his bond, until he has recovered a judgment against the administrator showing a *devastavit.*

McCay, Judge, concurs on different grounds.

Administrators and executors.   Judgments.   Before Judge GIBSON.   Richmond Superior Court.   October Term, 1873.

For the facts of this case, see the decision.

MARCELLUS P. FOSTER, for plaintiff in error.

1st. Judgment against administrator in favor of creditor, condition precedent to suit on bond: 3 Redfield on Wills, top page 93 to 95, (bottom 95–6) *et seq.*, and notes; *Ibid.*, top pages 266 and 267, and notes; *Ibid.*, top page, 269, (12;) 3 Pick., 128; 10 Pick., 75; Code, sections 3383, 3384, 3386; 6 Georgia Reports, 307, *et seq.;* 7 Georgia Reports, 31; 7 *Ibid.*, 551; Southern Law Review, (October number, 1873,) page 635; Code, 3573; *Ibid.*, Preliminary Provisions, section 6.

2d. The declaration does not locate the plaintiff within any of the exceptions to the above general rule: 2 Georgia Reports, 101; Coke's Litt., 30 and 36; 13 Georgia Reports,

192; Douglass, 278; 3 Blackstone's Commentaries, 226, and note; 1 Leon, 18; 2 Saund., 62; 4 Camp., 20; 11 East, 638. See cases cited in 1 Chitty on Pleadings, 206; Stephen 354.

FRANK H. MILLER, by R. H. CLARK, for defendant.

1st. The question of misjoinder can only be made by plea in abatement, and not by demurrer or motion: 27 Georgia, 113; 35 *Ibid.*, 74; 48 *Ibid.*, 482; 45 *Ibid.*, 89. Plea in abatement must be filed at the first term: Code, 3456; 28 Georgia, 543.

2. The case was dismissed as to Lamback, executor, because he was sued before the expiration of twelve months from his qualification, and the case proceeded against the other defendants sued: Code, 3485.

3d. The action was in the statutory form, which only requires the breach to be set out plainly: Code, 3391, 3399. Everything else is supplied by proof: 13 Georgia, 311; 22 *Ibid.*, 586, and it does not appear but that such proof was supplied, or could be, as a verdict was taken by Henderson's consent.

4th. The admission of assets, failure to make returns, to account and pay, are sufficient to authorize a suit on the bond, without first establishing a *devastavit*, by a judgment against the administrator: 43 Georgia, 275; Code, 2507; Williams on Executors, 444. The Act of March 5, 1856, 145, section 2, ratified all such suits as had been brought, and placed creditors on the same footing as distributees, under Act January 15th, 1852. The Act of December 13th, 1820, Cobb's Digest, 484, has been held to require suit against an administrator before suing security on the bond: 7 Georgia, 31. But this decision was made before the prohibition against reversing a decision: Act, 1858, 74, and presents entirely a question of law which the Code provides may, on motion, be reheard, and is doubted by the court, in 23 Georgia, 184. If such decision affects this case, permission is asked to review it.

In Levy, ordinary, *vs.* Glendenning, decided November 25,

Henderson *vs.* Levy.

1873, this court leaves as an open question this right to sue on the bond without first establishing a *devastavit* for an unliquidated account of deceased. In that case assets were not shown; *plene administravit* was pleaded, and the court was, on the trial, requested to charge this as the law. That was a case claimed to be for an unliquidated demand, while goods sold and delivered on written order is not an unliquidated demand: 20 Georgia, 561.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the principal and securities on an administrator's bond to recover a debt alleged to be due the plaintiff by the intestate in his lifetime. The plaintiff alleged, as a breach of the bond, the failure of the administrator to make annual returns of his acts and doings as required by law, and to account to the ordinary for the money received by him as administrator; his failure to pay the debts of deceased, as required by law, and among them the debt due the plaintiff for $1,628 91 besides interest, assets sufficient to pay said debt having come into his hands to be administered, and notice of the debt having been given him within twelve months from his qualification; his failure to call to account Frederick Lamback, as survivor of the firm of Lamback & Cooper, of which his intestate was a partner, and to settle up the affairs of said firm; the receipt by him as administrator, of the proceeds arising from the sale of real and personal property of his intestate, and failure to pay out the same, according to law, to the creditors of his intestate. Henderson, one of the defendants, filed a special demurrer to the plaintiff's action, and for cause of demurrer alleged that he was only security on the administrator's bond, that the plaintiff had not reduced his debt to judgment against the administrator, as he was bound to do before he had any right of action upon said bond against his securities. The court overruled the demurrer, and the defendant excepted.

There can be no doubt that under the law, as decided

by this court, prior to the adoption of the Code and the legislative enactments embodied therein, a suit could not be maintained on an administrator's bond against him and his securities until a judgment had first been obtained against the administrator, establishing a *devastavit: Ray, administrator, vs. The Justices of the Inferior Court of Macon county,* 6 *Georgia Reports,* 303. The question made by the record before us is, how far and to what extent has the law, as heretofore adjudicated by this court, been altered and changed by the Code and the legislative enactments embodied therein, in relation to suits on administrators' bonds? The latter part of section 2507 of the Code declares: " No prior judgment establishing the liability of the administrator for a *devastavit* by him shall be necessary before suit against the sureties on the bond." Whether this refers exclusively to such suits on the bond when the administrator is beyond the jurisdiction of the court, or is dead, and his estate unrepresented, or is in such a position that an attachment might be issued against him, may be admitted to be a doubtful question. All that can be claimed under this section, in any view of it as to the alteration of the old law, is that no prior judgment establishing the liability of the administrator for a *devastavit* shall be necessary before suit against the sureties on the bond. The 3384th section of the Code alters and changes the old law so as to allow a distributee or legatee to sue the administrator and his securities on his bond in the first instance. The 3385th section alters and changes the old law so as to allow a ward to institute his suit against his guardian, who refuses to settle, on his bond, in the first instance, without first suing the guardian. The 3386th section alters and changes the old law so as to allow any party in interest, or any person having demands against an executor, administrator or guardian, when such executor, administrator or guardian shall remove from this state, or place himself in such a situation as by the provisions of the Code an attachment would lie against a debtor, or if such executor, administrator or guardian is dead, and his estate unrepresented, then suit may be instituted on the bond

against the sureties, or any one of them, in the first instance, without first obtaining judgment against such executor, administrator or guardian in his representative character. The words "in the first instance," as used in these sections of the Code, are significant words as to the *intention* of the legislature. The plaintiff does not sue as a legatee, distributee or ward, but as a creditor who has claims to have a debt due to him by the intestate in his lifetime, and he does not allege in his declaration that the administrator is out of the state, or in such situation as would authorize an attachment, or that he is dead, and his estate unrepresented, therefore he is not within any of the provisions of the Code which takes his case out of the old law, even if there was no other provision of the Code applicable to it. But there is another section of the Code applicable to his case. The 3383 section declares, that upon the rendition of a judgment in favor of a party against an executor or administrator upon any liability of the *deceased,* and a return of *nulla bona* by the sheriff or other officer authorized to make the same, the said party may at once proceed to sue upon the bond of the executor or administrator, and may recover judgment against the principal and his sureties in the same action, and if the principal has removed beyond the limits of this state, or has departed this life, and has no legal representative, then he may sue the sureties on his bond. It follows, therefore, in view of the old law, and the several provisions of the Code before cited, that the plaintiff as a creditor of the intestate cannot institute his suit for the collection of his debt, in the first instance, on the administrator's bond against him and his securities, but should have first instituted his suit for the collection of his debt against the administrator, obtained judgment therefor, had an execution issued thereon, and if the return of *nulla bona* was made on it by the sheriff, then he could have instituted suit on his bond. The case of *Morgan vs. West,* 43 *Georgia Reports,* 272, cited on the argument, was an action brought by minor wards on the administrator's bond, and not by a creditor of the intestate, as

in this case.   In our judgment, the court erred in not sustaining the defendant's demurrer to the plaintiff's declaration.

Let the judgment of the court below be reversed.

McCay, Judge, concurred from the bench as follows:

I concur in the judgment, but I do so on the ground that the plaintiff has not alleged that the administrator had assets sufficient to pay, and that they have all been wasted by him, so that a suit against him as administrator must prove wholly useless and nugatory.   I am not prepared to say that in such a case, the law will require a creditor to do so useless and expensive an act before he can sue the bond.   A judgment against the administrator establishing a *devastavit* is made unnecessary by the express words of the statute, and as in the case of a waste of all the assets by the administrator, a suit against him, as such, is only necessary to establish the existence and waste of the assets, I think it unnecessary under our law.