Giles, ordinary, for use, *vs.* Brown, administrator, *et al.*

1. Under the act of 1845, Cobb's Dig., p. 335, and the Code, §§2514, 2515, the former administrator is liable to account to an administrator *de bonis non* touching his management of the estate, and if he be dead his representatives are so liable; and suit may be instituted by the administrator *de bonis non* against such representatives.
2. If the administrator of such deceased prior administrator has removed to another state, the securities may be sued without any prior judgment of *devastavit* in an action on their bond, though the non-resident administrator be served in the same action in passing through the state, under sections 2507, 3384, and 3386 of the Code.
3. Such action need not set out the names of creditors and the nature of their debts, or allege other breach of the bond than the conversion of the estate by the first administratrix to her own use, and her failure, and that of her administrator, to pay the debts due by the first intestate.

Administrators and executors.   Principal and surety. Practice in the Superior Court.   Before Judge Bartlett. Houston Superior Court.   May Term, 1878.

Reported in the opinion.

B. M. Davis, for plaintiff in error, cited : 22 *Ga.*, 330 ; 45 *Ib.*, 616 ; Code, §§2532, 2533 ; 11 Lomax, 475 ; 46 *Ga.*, 385.   Non-resident administrators, judgment of *devastavit*

unnecessary, Code, §§3386, 3264, 3416; 43 *Ga.*, 275; 52 *Ib.*, 35.

ELI WARREN; W. E. COLLIER; BLOUNT, SIMMONS & HARDEMAN, by brief, for defendants, cited: Code, §2490; 3 *Kelly*, 256; 1 *Ib.*, 30; 5 *Ga.*, 56, 329; 10 *Ib.*, 266; Cobb's Dig., 335; 1 *Kelly*, 80; 11 *Ga.*, 599. Creditors not set out), Code, §§2530, 2917–18, 3386. Judgment of *devastavit* necessary, 52 *Ga.*, 35; 30 *Ib.*, 440.

JACKSON, Judge.

This was a suit brought by the ordinary for the use of McCoy, administrator *de bonis non* of Daniel Jones, deceased, against H. T. Brown, administrator on the estate of Mrs. Martha A. Jones, and W. R. Brown and Samuel Brown, the securities on his bond as said administrator. The breach of the bond alleged is, that Mrs. Jones having been appointed administratrix of Daniel Jones' estate, had converted to her own use and mal-administered some thirty-four hundred dollars of that estate, and had died without accounting for the same, and that her administrator, Brown, had also failed to account for the same to the creditors of Daniel Jones; and that this breach gave a right of action to the administrator *de bonis non* on Daniel Jones' estate, against the administrator and his sureties on the estate of Mrs. Martha A. Jones. The defendants filed a demurrer to this action, the court sustained it and dismissed the case; and the controlling question made here is, did the administrator *de bonis non* have the right to call to account the admistrator of Mrs. Jones, Mrs. Jones having been his predecessor in the administration on Daniel Jones' estate?

1. At common law, the administrator *de bonis non* had no right to call Mrs. Jones to account for any part of the estate she had administered, but only for the assets in her hands remaining in kind so as to be identified as she received them when she took charge of the estate—*Thomas vs. Hardwick*, 1st *Kelly*, 78.

So that as he had no right to go upon her for the estate which she had converted by mal-administration before her death, of course he would have none to go upon her administrator and his sureties at common law.

But the common law was altered by the act of 1845, Cobb's Dig., p. 335, which makes it the duty of the former administrator, " or the representatives of such deceased executor or administrator, to account *fully* with the administrator *de bonis non."* See also Code, §§2514, 2515.

In the case in 1st *Kelly* the act of 1845 is alluded to, but was not applicable to that case. So in 3d *Kelly*, 256. But in 5 *Ga.*, 56, it is distinctly ruled that " under the act of 1845 an administrator *de bonis non* may call his removed predecessor, or his representatives if he be dead, to account touching the entire administration of the estate, and the removed administrator is liable to him, as at common law he was liable to creditors and distributees." If this ruling be law, the court was wrong in sustaining the demurrer on this ground. It has not been reviewed and overruled so far as we know. On the contrary the principle is reasserted and reaffirmed in *Hardwick vs. Thomas and others*, 10 *Ga.*, 266 ; and in 11 *Ga.*, 599, it was so recognized again ; and in *Knight vs. Lasseter*, 16 *Ga.*, 151, it is again distinctly ruled that the act of 1845 gives such right to the administrator *de bonis non* as well as to heirs and creditors.

We are not aware that the act of 1845 has ever been repealed. On the contrary it is referred to in the margin in the Code, sections 2514, 2515 ; and it is the authority for certain principles codified or alluded to in those sections. Indeed §2515 of the Code restricts the heirs, distributees or legatees to the right to sue only when no administrator *de bonis non* has been appointed, or, if appointed, neglects to sue.

2. Another ground of demurrer by the surety is, that he cannot be sued in this action because no *devastavit* has been shown and judgment obtained against the principal. The reply is that the principal has removed from the state. It

is immaterial that he was caught passing through the county and served. The Code makes the surety suable without judgment of *devastavit* first against the administrator if the admintrator "shall remove from the state." The declaration alleges that he has done so. He may have removed all his property and probably did, and hence the verdict against him could not bear fruit. Certainly, under the Code, the surety on his bond may be sued upon the facts here alleged and admitted, with his principal in the first instance. Code, §§3384, 3386, 2507—*Henderson vs. Levy*, 52 *Ga.*, 35 ; 43 *Ib.*, 275.

3. We think the allegations touching the creditors and the *devastavit* sufficient.

Judgment reversed.