Douglass vs. Murray, executor, et al.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Where two executors qualify, and one dies intestate chargeable with assets, the survivor may call his representatives to account, as well for a *devastavit* by the deceased executor, as for assets remaining in specie, certainly so if the provisions of the will be such as to render it impracticable for the survivor to execute the general testamentary scheme without having control of all the resources of the estate.
2. After the representatives of a deceased co-executor who died intestate, have duly accounted with the survivor, without fraud or collusion, the general legatees are bound, and cannot hold said representatives to account over directly to them.

Administrators and executors. Judgments. Before Judge Crisp. Sumter Superior Court. April Adjourned Term, 1879.

Report unnecessary.

Guerry & Son, for plaintiff in error.

N. A. Smith, for defendants.

Bleckley, Justice.

There were two executors. One died. The other called his administrators to account by suit. This was referred to arbitration. There was an award, and that was made the judgment of the court. Afterwards, the general legatees

of the testator, or some of them, brought another suit in equity against the administrators of the deceased executor, for substantially the same cause of action, making the living executor a co-defendant. The administrators pleaded the award, etc. The plea was sustained by the court, and this is assigned as error.

1. Can the survivor of two co-executors call the representatives of the other, after his decease, to an account for a *devastavit* committed by the decedent in his life-time? We think he can ; especially if the provisions of the will be such as to render it impracticable for the survivor to execute the general scheme of the will without having control of all the resources of the estate ; and such, according to the record, is the present case. While co-executors are alive they are equal, and neither is answerable to the other. At the death of one, the other succeeds to the powers of both, and in himself is a full and complete representative of all the functions appertaining to the office of executor. In so far as the will is unexecuted, he has a right to complete its execution ; and he is thus in a parallel situation to that of an administrator *de bonis non.* Indeed, he stands rather higher than such an administrator, for he is in a direct legal relation to the whole original stock of his testator's assets, as well as to the remnant. The Code, in sections 2514 and 2515, recognizes the right of an administrator *de bonis non,* to call a removed administrator to account ; and these sections, read in connection with the act of 1845, will reach to the representative of an administrator who has been removed by death. 60 *Ga.,* 658. By section 2448, the provisions as to administrators, when in their nature applicable to executors, are extended to executors. It may be that upon general principles, without aid from express statute, the surviving executor may call upon the representatives of a deceased co-executor to respond for a *devastavit,* so far as a response is necessary to enable the survivor to complete the executions of the will. Such a doctrine looks reasonable, and might be expected to be

found in the books, but I do not find it distinctly enunciated. The truth is, the books are often very unsatisfactory. However, the real difficulty generally lies in inadequate acquaintance with their contents, and that may be so in the present instance.

2. It cannot be doubtful that if the surviving executor was legally authorized to sue the administrators of his deceased co-executor, the result of that suit, in the absence of fraud or collusion, would be binding upon the legatees. They were represented by him, just as any trustee, acting within the scope of the trust, represents the beneficiaries. It would be grossly illogical to hold that the surviving executor was *rectus in curia*, and that the legatees may, nevertheless, prosecute another action for the same cause. There is clear light on this branch of the case, for it depends on nothing but accepting a necessary conclusion from established premises. That the suit terminated in an award which was made the judgment of the court, is nothing to occasion perplexity, for the right of an executor to submit a pending controversy to arbitration has express statutory recognition. Code, §4225. Of course, if the survivor was competent to sue and recover, he was competent to receive the fruits of the recovery.

Cited for plaintiff in error : Right to sue not in executor, 8 Randolph, 51; 14 Peters, 166; 11 John., 16; 19 *Ga.*, 136; 8 *Ib.*, 388. Right in legatees : 11 *Ga.*. 658. As to administrator *de bonis non :* Code, §§2514, 2515 ; 1 Kelly, 78; 5 *Ga.*, 56; 10 *Ib.*, 26; 11 *Ib.*, 599 ; 16 *Ib.*, 151 ; 45 *Ib.*, 616.

Cited for defendants in error : Same sections of Code ; 60 *Ga.*, 658 ; 32 *Ib.*, 145 ; Wms. on Ex'rs, 814, 820 ; 3 Atkyns, 509.

Judgment affirmed.