King, administrator, et al. v. Johnson, ordinary, for use.

| 94 | 665 |
|---|---|
| s96 | 497 |
| .94 | 665\| |
| h111 | 639 |
| 94 | 665 |
| 121 | 473 |

1. A widow who, by reason of her having been administratrix upon her husband's estate, had in her hands, or was chargeable with, funds or property of the estate sufficient to pay the allowance subsequently made to her of a year's support for herself and children, and who is still chargeable therewith, has no right to enforce by execution payment of the allowance out of the assets of the estate in the hands of her successor in the administration.

2. The return of the appraisers, though it has become final as to the amount to which the widow and children are entitled for their year's support, is no evidence against the administrator to charge him with assets, inasmuch as the statute makes no provision for objecting to the return on the ground of deficient assets. The return by the sheriff of *nulla bona* upon the execution in favor

of the widow against the administrator, is of itself no evidence of a *devastavit*.

3. In an action on the bond of an administrator, brought by the widow for failure to pay her year's support, the administrator cannot by plea or answer call the plaintiff to account as a removed administratrix who preceded him in the trust; though he may show that she had assets belonging to the estate out of which the year's support should have been paid by her, instead of sending an execution against him.

4. As against a general demurrer or mere motion, a plea containing a good defence to the action is not vitiated by setting up other matters and praying for relief which cannot be granted.

July 30, 1894.                                        *Judgment reversed.*

Action on bond. Before Judge HENRY. Floyd superior court. September term, 1893.

The suit was upon the bond of J. King as administrator *de bonis non* of Joseph Weber, for the use of Weber's widow and minor children. Defendants' pleas were stricken on motion, and they excepted. The petition alleged, in brief, that King qualified and took possession of the property of the estate, amounting to $6,584; that Mrs. Weber for herself and children applied for year's support, which ($1,050 in money) was duly set apart, and the return of the appraisers admitted to record; that the administrator was duly served with this proceeding and did not defend the same, but refused to pay the sum so set apart, and paid out the proceeds of the estate to pretended claims of junior rank to the claim for year's support; that execution issued against him for the amount so set apart, upon which there was a return of *nulla bona*, etc. The pleas set up, in brief, the following: Joseph Weber died on September 4, 1890, leaving a valuable and solvent estate. His widow became his administratrix, took possession of the property (appraised at $8,287.10), took dower out of the same, took charge of his business with a large stock of goods, and without authority she employed hands, incurred debts, paid out money received from sales of goods, and conducted the

business in an illegal and extravagant manner, rendering the estate insolvent. For this reason, and because her bond was insufficient, she was removed from her trust on April 13, 1891. She made no return until June thereafter. King qualified on July 6, 1891. He has frequently called her to account for her acts as administratrix, but she refuses to come to any account or to pay him any of the money of the estate in her hands. She collected $4,763.20 in money of the estate, and has in her hands unaccounted for $2,828.07. She and her children were supported out of the estate up to the time of her removal. She has received from the estate and has in hand sums largely more than the sum set apart as a year's support. She is indebted to the estate for money collected and paid out without the ordinary's consent, in the management of the business. She has illegally taken credit, besides commissions, for $640 extra compensation and $50 attorney's fee. By way of cross-bill defendants pray, that she be required to come to a full account for her acts as administratrix, and be charged with all money and property of the estate consumed by her and the children for their maintenance until her discharge, and be made to pay over all money collected and paid out by her in running the business after December 31, 1890, and the commissions, extra compensation and attorney's fee, and the $133.60 balance admitted to be in her hands at the time of her return; that the judgment in her favor for a year's support be decreed satisfied, etc.

REECE & DENNY and FOUCHÉ & FOUCHÉ, for plaintiffs in error. NAT HARRIS and H. M. WRIGHT, contra.