FULGHUM v. FULGHUM, administrator.

The administrator of an estate from which a year's support for the widow of the intestate has been duly and finally set apart, in money, can not, when an execution has been issued against him for the collection of the same, go behind the judgment for the purpose of showing that he is entitled to a credit upon the judgment for money advanced by him, from the estate, to the widow upon her year's support before it was finally set aside. LITTLE, J., dissenting.

Argued November 9, 1899. — Decided July 9, 1900.

Affidavit of illegality. Before Judge Evans. Pulaski superior court. February term, 1899.

*J. H. Martin*, for plaintiff. *Jordan & Watson*, for defendant.

FISH, J. An execution in favor of Mrs. M. J. Fulghum against A. R. Fulghum, as administrator of the estate of R. G. Fulghum, based upon a judgment rendered, upon appeal from the court of ordinary, in the superior court of Pulaski county, on the 10th of August, 1898, was levied upon certain land in that county. To this levy the administrator filed an affidavit of illegality, upon the following grounds: "1st. Because the judgment, upon which said fi. fa. is issued against him as administrator, is founded upon a suit by the plaintiff for her twelve months support from the estate of her husband, R. G. Fulghum, assessing the amount of said support at six hundred and fifty dollars. 2d. That deponent has paid and held and now holds the receipt of said Mrs. Fulghum for one hundred and two dollars as a part of her said twelve months support, dated the 28th day of January, 1898, which is a part of the allowance for her said twelve months support, and which is a credit to the amount of the judgment, for the amount of said receipt and the interest thereon. 3d. That this receipt and the amount thereof was never pleaded as a part payment of said support at the trial, and the verdict of the jury, in the case when tried, was intended to cover the whole amount allowed said plaintiff for her said twelve months support. 4th. Deponent further says that he has paid to the sheriff the amount of said fi. fa., less the amount of said receipt and interest, for which amount said fi. fa. is illegally proceeding." Plaintiff in fi. fa. moved

to dismiss this affidavit of illegality upon the following grounds: "1st. No good and sufficient ground or grounds are set forth in the affidavit of illegality to arrest the fi. fa. 2d. That the affidavit of illegality seeks to go behind the judgment. 3d. That neither of the grounds or all of the grounds in the affidavit of illegality combined are sufficient to support the affidavit of illegality." This motion was overruled, and the plaintiff in execution excepted.

The judgment is for six hundred and fifty dollars, and for this amount the execution was proceeding. The administrator, in his affidavit of illegality, claims that he is entitled to have credited upon this judgment the sum of one hundred and two dollars, which he alleges he paid to Mrs. Fulghum, upon her year's support, before the judgment was rendered. It is very evident that, if this were an ordinary judgment, an affidavit of illegality, which set up a payment made to the plaintiff in execution prior to the rendition of the judgment, would have no standing in court, as it would seek to go behind the judgment. Unless, therefore, the effect of a judgment setting apart a year's support is different from that of other judgments, this affidavit of illegality is without merit. Recognizing the general rule, that an affidavit of illegality can not go behind a valid judgment, the plaintiff in error contends that a judgment setting apart a year's support simply determines the proper amount which should be allowed out of the assets of the estate for such support, and does not preclude the representative of the estate from showing that this amount, or some portion of it, was received by the beneficiary or beneficiaries before the rendition of the judgment. We do not think that this contention is sound.

The proposition that any judgment can be paid in advance of its rendition is, to say the least, a novel one. The law provides that when application is made for a year's support, it shall be the duty of the ordinary, on notice to the representative of the estate, if there be one, and if none, without notice, to appoint five discreet appraisers, whose duty it shall be to set apart and assign, either in property or money, a sufficiency from the estate for a year's support. Civil Code, § 3465. The appraisers are required to file their return with the ordinary, and upon

the filing thereof he is required to issue citation and publish notice citing all persons concerned to show cause why said application should not be granted. If no objection is made, after the publication of the notice once a week for four weeks, or if made is disallowed, the ordinary shall record the return so made in a book to be kept for that purpose. Ib. § 3467. "Such a record has the binding force and effect of any other judgment of a court of competent jurisdiction." *Birt* v. *Brown*, 106 *Ga.* 23; *Josey* v. *Gordon*, 107 *Ga.* 110. That it has the binding force and effect of a judgment is shown by section 3468, which provides that the title to property set apart shall vest in the beneficiary or beneficiaries, and the same shall not be administered as the estate of the decedent; and also by section 3471, which provides that the ordinary may issue execution against the representative of the estate for an amount in money which is set apart as a year's support. "Every presumption is in favor of the judgment of the ordinary setting apart a year's support, and it can not be collaterally attacked." *Tabb* v. *Collier*, 68 *Ga.* 641; *Goss* v. *Greenaway*, 70 *Ga.* 130. In *Wells* v. *Wilder*, 36 *Ga.* 194, it was held: "Whenever the widow applies for an assignment of the year's support, she must be charged with the value of what she previously consumed." In *Tabb* v. *Collier*, supra, the judgment setting aside the year's support was attacked upon the ground that the family had already consumed enough of the property of the estate to amount to a twelve months' support before such support was formally set apart. The court, as we have seen, held that the judgment could not be collaterally attacked; and Crawford, J., delivering the opinion, said: "But it is insisted that this family had a year's support before this was set apart, the husband and father having been dead some years before the application was made; and cases are cited to sustain that view. The principle here invoked is to be applied before, not after, the final judgment of the ordinary has been pronounced. Every presumption is in favor of their judgments, nor are they to be collaterally attacked except where the record shows a want of jurisdictional facts." The decision rendered in that case was followed in *Goss* v. *Greenaway*, supra, where it was held, that, "While lapse of time between the death of a husband and the application of his wife for a year's sup-

port, during which time she lived upon the land and made use of the personalty of her deceased husband, may furnish a good ground to defeat the application before the ordinary, yet when final judgment of that court has been rendered in the case, it is too late to attack it, especially before another court, except for causes apparent upon the face of the record, showing a want of jurisdiction either of the person or subject-matter." These decisions are directly in point.

If, in determining and fixing the amount which is to be allowed and set apart as a year's support, the widow must be charged with the value of what she has previously consumed, it would seem to follow that when the year's support has been finally set aside, the presumption is that the amount, in value, of the assets of the estate, if any, which she consumed prior to the setting apart of the twelve months support was taken into consideration when the judgment for such support was rendered. As the title to specific property set apart vests in the beneficiaries, it is apparent that the representative of the estate can not, after the title to such property has vested, deprive them of such property, or of any portion of the same, upon the ground that they had received, in whole or in part, their year's support before the same was formally set aside. If the representative of the estate can not, either in whole or in part, question the title of the beneficiaries to specific property set apart, how can he, if a definite sum of money is set apart, question the right of the beneficiaries to receive from the estate in his hands the whole of the designated sum? Surely the right to specific property set apart is no more secure or sacred than the right to money set aside as a year's support. In the present case, if the judgment of court, instead of setting apart six hundred and fifty dollars in money, had set apart to the widow, as her year's support, a described portion of the land belonging to the estate, of equal value, the title to such land would have vested at once in her; and the administrator could not afterwards have been heard to say: " Mrs. Fulghum is not entitled to receive all of this land, because, before it was set apart, I advanced to her one hundred and two dollars, which was to be credited against her year's support when the same should be set aside." A complete answer to such a claim upon his part

would be: "You ought to have made this question before the judgment setting apart the year's support was rendered ; not having made it then, you can not be heard now, because to sustain your contention would be to override the law, which declares that the property set apart as a year's support shall vest in the beneficiary or beneficiaries." He occupies no better position because of the fact that, instead of specific property, a designated sum of money has been set apart. He can no more reduce a sum of money which a judgment setting aside a year's support requires him, as the representative of the estate, to pay to the widow, than he could deprive her of any portion of specific property which had been so set apart. As the title to all the property set apart as a twelve months' support vests in the beneficiary or beneficiaries, so the right to receive all the money so set apart vests. If Mrs. Fulghum was paid the amount stated in the affidavit of illegality, upon her year's support, by the administrator, the time for him to have made this showing was before the judgment in her favor against the estate was rendered. Everything which lies behind that judgment is concluded by it. The motion to dismiss the illegality should have been sustained. The decision now made is entirely consistent with that rendered in *King* v. *Johnson*, 94 *Ga.* 665. In that case this court distinctly recognized the rule that the return of the appraisers, when duly allowed, became final as to the amount of the year's support, and the effect of the decision simply was, that, as against the judgment setting apart the year's support, the widow could be compelled to account for money of the estate actually in her hands, which was received by her as administratrix, and out of which the year's support should have been paid by her.

*Judgment reversed. All the Justices concurring, except*

LITTLE, J., dissenting. I can not agree with the judgment rendered by a majority of the court. It appears from the record that Mrs. Fulghum applied for the setting apart of a year's support out of the estate of her deceased husband. From the judgment of the ordinary fixing the amount to be so set aside, an appeal was taken to the superior court, and final judgment rendered in August, 1898. It also appears that in January, 1898, after the death of her husband, the administrator of his

estate advanced to the widow one hundred dollars as a part of the year's support to which she was entitled. The administrator sought to have the amount which he had advanced in January credited upon the amount which was fixed by the jury on appeal in August thereafter. The judgment of this court is that the credit can not be allowed, although it is not contested that the widow received the amount as a part of the support to be thereafter set aside. This ruling must have been made on the theory that the final adjudication of the amount to be set apart fixed not only the amount which should be allowed, but went further and determined that she had received no part of such sum. I maintain that the latter issue was not involved in the case. In his opinion Mr. Justice Fish says: "It is very evident that, if this were an ordinary judgment, an affidavit of illegality, which set up a payment made to the plaintiff in execution prior to the rendition of the judgment, would have no standing in court, as it would seek to go behind the judgment. Unless, therefore, the effect of a judgment setting apart a year's support is different from that of other judgments, this affidavit of illegality is without merit." Certainly, the effect of a judgment setting apart a year's support *is* different from that of other judgments. Indeed, the legal effect of the judicial act involved in setting apart a year's support is only in a limited sense a judgment. By the Civil Code, § 3465, a provision for the support of the family of a decedent is declared to be an expense of the administration of such estate, and that such necessary expense has priority of all other debts. So that the law absolutely gives to every widow the right to have a year's support set aside from the estate of her deceased husband, and if the applicant be the widow, no question can be made on this right, nor is any adjudication necessary to establish it, if it be conceded that she is the widow. After declaring the existence of this right of support, the section last referred to provides the manner in which the amount and character of the property set apart for this support shall be ascertained. It is also provided by the Civil Code, § 3467, that, in the absence of objection, the ordinary shall record the return so made, in a book to be kept for this purpose, and by the same Code, § 3471, the ordinary may issue a writ of fieri facias

against the representative of the estate for the amount so awarded as aforesaid. From these provisions of our statute law the conclusion is inevitable, that, in the absence of pleadings denying that the applicant is the widow, or that she has already been furnished with a year's support and is not for that reason entitled, there is but one question which can be adjudicated, and that is what amount shall be set apart. In reference to such amount, the statute declares that this shall be "a sufficiency . . for support and maintenance for the space of twelve months, . . to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate."

In the present case, the right of the applicant to have a year's support was conceded, and the only contest was as to the amount. The object of the statute is to furnish the widow and children maintenance out of the estate of the husband until they have a legal right to demand their share as legatees or heirs at law, and it is an exceedingly harsh rule which declares that when an administrator, acting in good faith, contests the amount which ought to be set aside as such support, he can not in the meantime, without danger to himself, advance a sufficiency from the estate to maintain these beneficiaries pending a determination as to what is a proper amount. In my judgment no such rule is deducible from our statute. Indeed, it is expressly provided that from the judgment of the ordinary fixing the amount an appeal may be taken to the superior court, and also that, if an appeal be taken, pending the appeal the family shall be furnished with necessaries by the representative of the estate. Civil Code, § 3467. Surely, if he complies with this mandate, he is not chargeable with the amount finally fixed, to the exclusion of the amount which he had before that time furnished. The judgment rendered was simply the legal ascertainment of the amount which should be taken from the estate of the decedent to support the widow and children for one year, and is conclusive to this extent. For this amount an execution may issue against the administrator, and for this amount he is entitled to credit in his account with the estate, and it matters not, in contemplation of law, whether any

part or portion of the amount so fixed has been paid prior or subsequently to a judgment fixing the amount to be so devoted. I have carefully examined the authorities referred to by Mr. Justice Fish, and find nothing in any of them which contravenes this view of the law. It is a sound proposition that a judgment of the ordinary setting apart a year's support can not be collaterally attacked. Here there is no attack whatever upon the judgment. The conclusive presumptions which arise in its favor are, that the widow is entitled to a year's support, and the sum named is the proper amount to be taken from the estate of her husband. It was not sought in this case to attack the judgment, nor to set aside any presumption in its favor. It was only desired to show that a part of the amount which had been awarded to the widow had been paid. If it had, then the law was fully accomplished, and to rule otherwise would be to give to the applicant an amount greater than that which it had been legally determined she was entitled to have. Such is the effect of the ruling made in this case. From its correctness I dissent.