WOOD, ordinary, for use, etc., *v.* BROWN *et al.*

1. The judgment of the ordinary allowing a widow and her minor children a year's support is conclusive only that she is entitled to the amount of the judgment if there be assets to pay it; and such judgment is no evidence that the administrator has sufficient assets of his intestate with which to pay it.
2. The widow and minor children of a deceased partner are entitled to a year's support only in what remains of the deceased partner's interest after payment of partnership liabilities.
3. The evidence for the plaintiff was sufficient to authorize the submission of the case to the jury, and the grant of a nonsuit was error.

Argued November 26,— Decided December 12, 1904.

Action on bond.　Before Judge Faircloth.　City court of Dublin.　June 9, 1904.

*Sanders & Davis,* for plaintiff.
*T. L. Griner* and *Jackson & Orme,* for defendant.

EVANS, J.　W. A. Wood, ordinary, for the use of Mrs. N. E. Brown and her minor children, in his petition against R. E. Brown and the security on his administrator's bond, alleged: In 1901, A. H. Brown died, leaving the plaintiff's usees, who were his widow and minor children.　R. E. Brown qualified as his administrator, and executed to the ordinary an administrator's bond with the American Surety Company as security, conditioned for the faithful performance of his duties as such administrator. As a breach of the bond, plaintiff alleged that an estate of $1,800 belonging to A. H. Brown went into the hands of the administrator; that on February 23, 1903, after notice to the administrator, a year's support of $1,400 in money and household furniture was duly assigned to plaintiff's usees, and upon this judgment a fi. fa. issued against the administrator; that the adminis-

trator refused to pay the fi. fa.; and that the sheriff of the city court of Dublin made his return thereon of diligent search and no property to be found on which to levy the execution. The administrator and his security filed their several pleas. The administrator pleaded that no assets of A. H. Brown ever came into his hands as administrator, but that A. H. Brown only had a very small amount of partnership property with defendant, which was not sufficient in value to pay the just demands and debts outstanding against the firm of A. H. & R. E. Brown. The plaintiff orally moved to dismiss this plea, on the ground that the judgment of the court of ordinary allowing the year's support concluded the administrator as to there being assets in his hands sufficient to pay the same. The court overruled the motion, and the plaintiff filed his exceptions pendente lite to this ruling of the court. On the trial of the case the plaintiff tendered in evidence the year's support proceedings; the fi. fa. issued thereon against R. E. Brown as administrator, with an entry of nulla bona by the sheriff of the city court of Dublin; and a certified copy of the inventory and appraisement of the estate of A. H. Brown, returned by R. E. Brown, as administrator, wherein a one-half interest in certain designated personal property was appraised at $1,495. The plaintiff also introduced oral testimony tending to show that the administrator had received $65 from the sale of a horse belonging to his intestate and had paid $86 for funeral expenses. A witness testified that the administrator told him, on the day the appraisement was had, that the firm of A. H. & R. E. Brown had $2,200 in notes and accounts, and also certain timber sufficient to pay all the debts of the firm. The ordinary testified that the administrator filed a return and asked for letters of dismission, but, upon the instituting of a citation for settlement, withdrew his return and vouchers, which had not been recorded. On the conclusion of the evidence of the plaintiff, the court sustained the defendants' motion for a nonsuit. The plaintiff excepts to the granting of the nonsuit and to the refusal to strike the plea filed by R. E. Brown.

1. The court properly overruled the motion to strike this plea. The judgment of the ordinary allowing a widow and her minor children a twelve month's allowance is conclusive only that she is entitled to the amount of the judgment if there be assets to

pay it. The widow may have her year's support assigned independently of administration on her husband's estate. Her right to the statutory allowance becomes vested on the death of her husband, and she may proceed at once to have it set apart. If there is an administrator, he must be notified of the proceeding; but the statute neither requires him to object to the setting apart of a year's support nor permits him to show lack of assets with which to pay it. *King* v. *Johnson*, 94 *Ga*. 665. The only issues the administrator could raise are the reasonableness of the allowance and the sufficiency of previous appropriations to her from her husband's estate. In *Tabb* v. *Collier*, 68 *Ga*. 641, the judgment was attacked because the family had already consumed enough of the decedent's estate to amount to a year's support; and the same objection was urged in *Goss* v. *Greenaway*, 70 *Ga*. 130. But in each of these cases this court held that the objection should have been made before the judgment setting aside the year's support was rendered, and it was too late to make this objection after judgment. In *Fulghum* v. *Fulghum*, 111 *Ga*. 635, the same principle was recognized, and the administrator was not permitted after the judgment to have credit for certain payments made to the widow before the judgment. These cases decide that a judgment assigning a year's support is conclusive as to the amount the beneficiaries are entitled to have set apart to them. But such a judgment is neither conclusive nor prima facie evidence that the administrator has sufficient assets of his intestate with which to pay it. Inasmuch as the administrator could not file any of the pleas peculiar to administration of estates, nor had an opportunity to examine into the estate, he will not be bound as to an issue which he could not make. "The return by the sheriff of nulla bona upon the execution in favor of the widow against the administrator is of itself no evidence of a devastavit." *King* v. *Johnson*, 94 *Ga*. 665. When the widow undertakes to assert her judgment for a year's support by suit against the administrator and the sureties on his bond, the burden is upon her to show that assets of her deceased husband came into the hands of his administrator, and that these assets were chargeable with the payment of her judgment.

2, 3. On the trial of the case the plaintiff tendered in evidence the inventory and appraisement of the estate of A. H. Brown.

This inventory described several items of property, one half of which was alleged to be the property of the intestate and was appraised at $1,495. A witness testified that the administrator said that certain timber which was being prepared for market would be sufficient to pay all the debts of the business conducted by the deceased and the administrator as copartners. The judgment of year's support was introduced; and the ordinary testified that the administrator filed a return, but withdrew it and the vouchers when a citation for settlement was filed. The administrator sold a horse belonging to his intestate for $65, but paid funeral expenses amounting to $86. The court granted a nonsuit. The grant of the nonsuit was error, because there was sufficient evidence to take the case to the jury. The inventory required by law to be made and returned by an administrator is an admission, though not a conclusive one, of possession of such assets of his intestate as are therein described. *Smith* v. *Griffin,* 32 *Ga.* 101; *Thompson* v. *Thompson,* 77 *Ga.* 699. The administrator may explain any mistake or error in the inventory, or may show that his intestate had no title to the property inventoried. His inventory of assets as belonging to his intestate puts the burden on him to show its incorrectness. The description of the property embraced in the inventory as an undivided interest in personalty raises no presumption that it was partnership property charged with the payment of partnership debts. Rather the contrary inference should be drawn where the return is made by the surviving partner. Let it be conceded that the evidence sufficiently showed that the property was partnership property and the partnership was indebted, there was no evidence to indicate that the partnership debts were sufficiently extensive to absorb all the partnership assets. The surviving partner has the right to partnership assets to the exclusion of the administrator. And the widow and minor children are only entitled to a year's support in what remains of the deceased partner's interest after payment of partnership liabilities. *Sellers* v. *Shore,* 89 *Ga.* 416; *Ferris* v. *Van Ingen,* 110 *Ga.* 102. In view of the testimony that the administrator had estimated that the proceeds of certain timber belonging to the firm would be sufficient to pay partnership debts, and that there was no explanation of the disposition of the property inventoried and appraised at $1,495, and of the

conduct of the administrator in filing and then withdrawing his return, the court should have allowed the case to go to the jury.

*Judgment reversed. All the Justices concur.*