## 237.  AMERICAN SURETY COMPANY v. WOOD.

1. A suit can be maintained against the surety on an administrator's bond alone, where it appears that the principal, the administrator, is dead and his estate is unrepresented. The case is not altered if the administrator dies pending the suit. The plaintiff, at his option, may proceed against the representative of the deceased administrator's estate and the surety jointly, or may proceed against the surety alone. ·

2. In a case where a surviving partner and an administrator are in fact one and the same person, the law presumes that any property rightfully belonging to the administrator has been placed in his hands by such surviving partner. While it is the duty of the surviving partner to first pay all partnership indebtedness, still whenever all partnership liabilities have been satisfied, if there is a surplus remaining in the hands of such surviving partner and administrator, it becomes subject-matter of administration.

3. If, after payment of the partnership liabilities, a surplus remains in the hands of the administrator, it is liable for the year's support regularly allowed the widow of the intestate.

4. No sufficient reason for the grant of a new trial appears from the assignments of error as to the admission of evidence or the charge of the court.

Action on bond, from city court of Dublin—Judge Burch. January 14, 1907.

Argued March 27;—Decided October 15,—Rehearing denied October 23, 1907.

*Jackson & Orme, T. L. Griner,* for plaintiff in error.

*J. B. Sanders, W. C. Davis, K. J. Hawkins,* contra.

RUSSELL, J.  This case has already been to the Supreme Court. The present defendant in error was then plaintiff in error, and the judgment of the lower court, awarding a nonsuit, was reversed upon the express ground that the evidence for the plaintiff was sufficient to take the case to the jury. *Wood v. Brown,* 121 *Ga.* 471 (3), 474 (49 S. E. 295). · On the subsequent trial, which is now the subject of review, not only was every fact which appears in the former record proved, but the plaintiff introduced additional testimony. The defendant surety company also introduced witnesses. In so far as there is a conflict in the evidence, the jury have concluded the issue by their verdict; and the only question, therefore, so far as the exception that the verdict is contrary to the evidence is concerned, is, was the evidence in behalf of the plaintiff sufficient to authorize the verdict? If it was, and if the judge of the city court did not err in permitting the plaintiff to

strike the principal and proceed alone against the surety on the bond (The American Surety Company), then the judgment overruling the motion for new trial was right. If it be true either that the court erred in allowing the case to proceed against the surety alone, or that the evidence was insufficient to establish a breach of the bond, his judgment should be reversed. This summary leaves out of immediate consideration the exceptions taken to the charge of the court, which we reserve to a later portion of our decision. Of course, so far as any of the points now involved were determined by the decision of the Supreme Court, they are concluded; and hence we might perhaps omit any consideration of the sufficiency of the evidence. Upon the same facts that appear in the record now before us, the Supreme Court held, when the case was before it, that the evidence was sufficient to go to the jury; from which it follows that if such evidence was not rebutted and disproved to the satisfaction of the jury, the plaintiff would be entitled to recover, and, for that reason, a new trial could not have been granted upon that ground.

Counsel for the plaintiff in error insists that his motion to dismiss the petition should have been sustained, because the action could not proceed against the American Surety Company, the security on the administrator's bond, alone. Since the former trial of this case, as appears from the record, the administrator, R. E. Brown, having died, his death was duly suggested of record. So far as appears, there was no administration upon his estate; and at the trial the plaintiff announced that he elected to proceed against the surety alone, without making the estate of the said R. E. Brown a party to the litigation. The surety company objected thereto, and moved to dismiss the suit. The court overruled the motion to dismiss, and proceeded with the trial; and the defendant filed and the court certified exceptions pendente lite thereto, as follows: (After stating the case.) "The death of R. E. Brown, one of the defendants in the above-stated case, the administrator of the estate of A. H. Brown and the principal in the bond signed by the American Surety Company of New York, on which this suit is based, having been suggested of record, and the estate of R. E. Brown, deceased, not having been made a party to this action, defendant moved to dismiss the petition of the plaintiff, upon the ground that the suit could not proceed against

the American Surety Company, surety; which motion the court overruled; to which ruling the defendant, the American Surety Company of New York, hereby excepts, and assigns the same as error, and prays that these, its exceptions, be certified by the court and entered on the minutes." We find no error in this ruling. Unquestionably, if the administrator had died before the plaintiff had begun his suit, the plaintiff could have instituted his action on the bond against the surety alone; and the right to proceed against the surety alone arises whenever the death of the principal on the bond or the fact that the principal's estate is unrepresented gives rise to such difficulties, delay, or inconvenience as sections 3398 and 3501 of the Civil Code were expressly intended to prevent. Electing to proceed against the surety alone is the same (certainly in its effect upon such surety in relation to his rights as against the principal) as if the principal had not been joined in the suit in the first instance. This being true, we are of opinion that the exception filed pendente lite is wholly without merit. The exceptions stated in §§3398, 3501, under which the surety may be sued alone (such as the removal of the administrator from the State, his death, or the fact that his estate is without representation), as pointed out by Judge Bleckley, in *Giles* v. *Brown,* 60 *Ga.* 658, are recognized and provided for the benefit of the usees or beneficiaries of the administrator's bond; and when the necessity arises, the remedy may be applied. Civil Code, §§3398, 5041.

Learned counsel for the plaintiff in error insists that the surety on an administrator's bond can not, in the first instance, be sued alone for its breach; that the principal or his representative must be joined as a party defendant. Counsel construe §3399 as limiting §3398, and as affording a protection to the surety. To quote from counsel's brief: "Though he may be sued with his principal in the first place in the action, he is entitled still to have his principal's property first exhausted in such an action, before his can be levied upon." We hold that §3398 and §3399 have no connection with each other, and that each is applicable to a different state of facts. The first section is as follows: "The administrator and his sureties shall be held and deemed joint and several obligors, and may be sued as such in the same action, and if the administrator is beyond the jurisdiction of this State, or is

dead, and his estate unrepresented, or is in such position that an attachment may be issued against him, the sureties, or any one or more of them, may be sued. No prior judgment, establishing the liability of the administrator for a devastavit by him, shall be necessary before suit against the sureties on the bond." The purpose of this section is merely to deal with the relation of the principal and the surety on the bond as it affects those entitled to its protection. It puts principal and surety in the same class (as joint obligors), and then, under certain circumstances, virtually applies the rule of §5041. Section 3399 is as follows: "In all cases of judgments recovered against the administrator and his sureties, the execution issued shall be first levied on the property of the principal, and no levy shall be made on the property of the sureties until there is a return of nulla bona as to the principal, unless the plaintiff in fi. fa. shall file with the levying officer an affidavit that the surety is actually removing or secreting his property so as to avoid the payment of such judgment." Manifestly it applies only to those cases where (the principal not having died, or his estate being represented, or not having subjected himself to attachment or not having left the State), the plaintiff was compelled to sue the principal and surety together, and has obtained judgment against both. In such a case it provides that the effects of the principal shall be exhausted before the surety can be attacked. Section 3399 is for the benefit of the surety as against his principal. It has no reference to the plaintiff. Section 3398 is for the benefit of the plaintiff in the action on the bond. It is not concerned with lightening the burden the surety has assumed.

The court properly refused to direct a verdict for the defendant. Indeed, to have done so would have been manifestly erroneous. The evidence for the plaintiff, in any view of the case, showed the receipt by the administrator of assets in excess of his disbursements.

Exception is taken, in the second ground of the motion, to the admission of the testimony of Judge Wood, to the effect that R. E. Brown had made returns as administrator, and that these returns were filed but were withdrawn; the objection to this testimony being that the entries thereon were the best evidence as to whether or not returns were made to the court and then withdrawn. The facts that the returns were filed and withdrawn, if true, were

substantive facts, even if it had not appeared from the evidence, without contradiction, that the returns were withdrawn by counsel of record of the plaintiff in error, and were presumably in his possession.

The objection to the testimony to the effect that the witness had bought a horse from R. E. Brown, the principal on the bond, but that the said principal had told him that the horse was the property of A. H. Brown, and that he paid $40 of the purchase-price to R. E. Brown, after the death of A. H. Brown, was properly overruled. The objection urged was that the statements of R. E. Brown, the principal on the bond, made prior to the death of his intestate and before giving the bond of the American Surety Company, are not admissible to charge the security. In our opinion it was certainly competent for the plaintiff to prove, by the admissions of R. E. Brown, that the debt due on the horse at the time of A. H. Brown's death was a part of the property of the intestate, unaccounted for, in the hand of the administrator whose bond was secured by the obligation of the American Surety Company. "Declarations of a person since deceased, against his interest, and not made with a view to pending litigation, are admissible in any case." *Massee-Felton Lumber Co.* v. *Sirmans,* 122 *Ga.* 297 (50 S. E. 92). This ruling also disposes of several other exceptions in the record.

In the 4th ground of the motion for a new trial, objection is made to testimony offered for the purpose of showing the state of the partnership said to exist between R. E. Brown (the administrator) and A. H. Brown, his intestate, the value of the property owned by the partnership, and that the partnership owed only a very small amount of partnership debts. The evidence was objected to, on the ground that it was inadmissible, because irrelevant, and can not be used to bind the surety; the argument being that the bond was given to cover the liability of R. E. Brown as administrator, and not as surviving partner. We think the court did right in overruling the objection and in admitting the testimony. While it is unquestionably true that the administration of partnership property falls upon the surviving partner, and that it is his duty to first pay all partnership indebtedness, still whenever the point has been reached that the partnership owes no debts,—when all liabilities have been satisfied,—the surviving part-

ner should turn over to the administrator the interest of the deceased in the partnership property. In this case the surviving partner and the administrator being one and the same person, it would be presumed that as soon as the debts were paid, the interest of the surviving partner, whatever it might be, would immediately pass to the administrator, be in his hands, and be subject to the year's support of his intestate's widow.

The objection to the testimony of W. R. Hudson was properly overruled, for the reasons just stated above. This witness testified to an admission of the administrator that the notes and accounts of R. E. and A. H. Brown amounted to between $2,200 and $2,300, and they were worth $1,700 or $1,800. The testimony that the notes *amounted* to $2,200, in view of the ruling in *Adkins* v. *Hutchings, 79 Ga.* 261 (4 S. E. 887), would not have charged the administrator; but the admission of the administrator that these choses in action *were worth* $1,800 was competent to do so.

The sixth ground of the motion for new trial complains of the refusal of the court to charge the jury in accordance with certain requests submitted by counsel for the plaintiff in error. Upon examination of the charge as delivered by the court, we find that the instructions requested, so far as applicable, were given to the jury. The latter portion of the first request to charge, in so far as the court was requested to instruct the jury that "if the administrator came into possession of property, but disposed of it prior to the filing of proceedings for the year's support and the entering of the judgment, no breach of the bond has appeared, and you must find for the defendant," was not a statement of the law. If the administrator, in the legal disposition of the property, legally and properly disposed of it, then and only then could it be said that there was no breach of the bond. The court did not charge the principle, requested by the plaintiff in error, that the inventory of the administrator is not sufficient evidence to charge him, and the request to thus charge the jury was properly refused. When this case was before the Supreme Court it was expressly held that "His inventory of assets as belonging to his intestate puts the burden on him to show its incorrectness." This is a distinct holding, so far as this case is concerned (but no further),

that the inventory is sufficient to make a prima case of such assets in his hands as may be shown by the inventory.

We find no error in the extract from the charge complained of in the 7th ground, which would authorize the grant of a new trial. In the brief of learned counsel of plaintiff in error our special attention is directed to the following sentence of the charge: "If you should find that this was partnership property that went into his hands, then he had the right to apply a sufficient amount of the property to the payment of the debts of the firm." Counsel complained that this charge "leaves the jury as judge as to whether or not partnership property shall be used in the payment of partnership debts, when it is a matter not in their discretion." We do not think the exception as stated is well taken. The judge should have told the jury that it was the duty of the administrator to apply a sufficient amount, etc., instead of instructing them that "he had the right to apply," etc. The charge seems to leave it discretionary with the surviving partner (who was also administrator) as to whether he paid the partnership debts first, and would be subject to that objection. But a minor error in the charge will not require the grant of a new trial in a case where the verdict rendered is demanded by the evidence. The judge very inaptly told the jury, in effect, that the surplus, after *paying A. H. Brown's one-half interest* due on the debts, might be subject to the year's support. But we think it was clear to the jury, as it is to us, that as the property was jointly owned by R. E. and A. H. Brown, and, as the inventory was a return of A. H. Brown's half interest in the partnership property, that the jury were not misled by this expression. Indeed, when it is considered in connection with the other portions of the charge, the jury could not fail to understand that what the judge really meant was that deducting from A. H. Brown's half interest in the partnership assets whatever might be one half of the total indebtedness of the firm, after all the debts were paid, would enable them to ascertain as to whether there was really any surplus of A. H. Brown's undivided half interest remaining in the hands of the administrator. The legal calculation would be: to take the assets of the partnership as a whole, deduct all of the indebtedness as a whole, and divide the remainder, if any, by two; and the result would be the surplus, subject to the widow's year's support.

Yet, as a matter of mathematics, the result reached, in dollars and cents, would be exactly the same.

We have carefully reviewed the entire evidence, and have no hesitation in saying that the jury would have been authorized, under the admissions of the administrator, and the evidence submitted as to the value of his intestate' property, deducting every credit proved by the defendant surety, to find a greater surplus in the hands of the administrator, placed there after the payment of every partnership debt which the evidence disclosed, and to find the surety liable for a larger amount than that of the verdict.

*Judgment affirmed.*