21632. RADFORD *v.* BETHEA, administrator, *et al.*

JENKINS, P. J.   1.   Under the rulings by the Supreme Court in *Fulghum* v. *Fulghum,* 111 *Ga.* 635 (36 S. E. 602, 37 S. E. 774), and by this court in *Hill* v. *Hill,* 36 *Ga. App* 327 (136 S. E. 480), in a proceeding to enforce the collection of a year's support set aside to the widow of a deceased person by judgment of the court of ordinary, the executor can not go behind the judgment for the purpose of showing that he is entitled to a credit upon the judgment for money advanced by him. Accordingly, in the instant case it was error for the court to admit in evidence, over objection, checks issued by the executor as advancements to the widow, prior to the judgment setting aside a year's support to her.

2.   While "the judgment of the ordinary allowing a widow . . a year's support is conclusive only that she is entitled to the amount of the judgment if there be assets to pay it; and such judgment is no evidence that the administrator has sufficient assets of his intestate with which to pay it" (*Wood* v. *Brown,* 121 *Ga.* 471, 49 S. E. 295), in the instant case the only defense actually pleaded to the rule to enforce payment of the year's support was that the defendant executor had "turned over to" the plaintiff "everything set aside to her in year's support and . . paid her all of the said $3,500." The proof going to show advances made to the creditors of the deceased with the consent of the widow prior to the judgment in the court of ordinary was not, therefore, relevant or admissible as in support of a plea merely setting forth the insufficiency of the assets of the estate to pay the year's support. Consequently, since the proof was specifically objected to, the judgment overruling the plaintiff's motion for a new trial can not be affirmed on the theory that the failure to plead such defense of lack of assets might have been corrected by amendment, and was cured by the verdict in favor of the defendant.   *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 15, 1932.

*M. C. Barwick,* for plaintiff.   *Roy V. Harris,* for defendants.