29782, 29783. LOFTIN v. DOOLEY; *and vice versa.*

Decided October 22, 1942.

John J. McCreary, R. L. Smith, for plaintiff.

Roy B. Rhodenhiser Jr., Hallie B. Bell, for defendant.

GARDNER, J. When this case is stripped of all collateral issues there remains only one issue which is controlling. It is undisputed that the debt in question is the remainder of a partnership liability. It is well established that a year's support can only be set aside from partnership assets after the partnership liabilities are paid. In Wood v. Brown, 121 Ga. 471 (2) (49 S. E. 295), the court held: "The widow and minor children of a deceased partner are entitled to a year's support only in what remains of the deceased partner's interest after payment of partnership liabilities." See Sellers v. Shore, 89 Ga. 416 (15 S. E. 494); Boone v. Sirrine, 38 Ga. 121; American Surety Co. v. Wood, 2 Ga. App. 641 (3) (58 S. E. 1116). According to the pleadings and the testimony of the defendant, as well as the undisputed evidence of the plaintiff, the $1016 indebtedness was a partnership liability. The properties included in the bill of sale and levied on were partnership assets. The credit of $450 represented proceeds admittedly derived from a settlement of litigation involving, so far as the record goes, partnership assets. Upon the death of her husband the defendant, as the sole beneficiary

and executrix of the will of her deceased husband, qualified and took possession of the interest of her deceased husband in the partnership business. With the assistance of able counsel, she procured the settlement as set forth in the contract of May 2, 1938. She then compromised the litigation with the surviving partner of her deceased husband and obtained complete possession of all of her deceased husband's estate, including the partnership assets. She was then instrumental in causing the plaintiff to release the surviving partner.

After having for several years conducted the business formerly owned by the partnership, she will now not be heard to complain of a situation which she herself conceived and created. The entire record reveals that defendant extended to plaintiff advantages and concessions which the law does not require. The court did not err in directing a verdict.

In view of what has been said, there is no merit in any of the other assignments of error.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.* *Broyles, C. J., and MacIntyre, J., concur.*