## MITCHELL *vs.* WORD, guardian, *et al.*

1. The widow of a deceased citizen of another state is entitled to dower in lands situated within this state, of which her husband died seized.

2. Waiver of dower does not result from the acceptance and retention of a gift of personalty, made by the husband to the wife in contemplation of death, and declared in writing to be for her individual use and benefit, as part provision for her, and as part of her interest in his estate, nothing being said or written in relation to dower, or to waiving the same, or to taking personalty in lieu thereof..

3. A widow having elected, under section 1771 of the Code, to take an amount in money, absolutely, in lieu of dower, and having commenced the prescribed legal proceeding to carry out her election, and the heirs at law having met her with a denial of her right to dower, raising the question by amending a bill in equity, already pending, touching her right to a year's support, etc., and she having answered, and (using her answer as a cross-bill) having called upon them to account in relation to advancements received in the life-time

of the intestate, so that the bill and its amendments, together with the cross-bill, now involve dower, year's support, advancements, and the title to certain realty conveyed by her to her husband before the marriage, an injunction granted by the chancellor, on the bill as amended, restraining her from further prosecuting at law her claim for money in lieu of dower, will not be interfered with by the supreme court, notwithstanding her right to dower, or to money in lieu of it, is in a high degree probable. The widow, as appears from the record, not being without the means of comfortable support, and equity having taken possession of the controversy between her and the heirs, so as to consolidate all its branches into one suit, an adjustment of the whole by one trial will apparently be for the best interest of all concerned.

Equity. Injunction. Dower. Waiver. Before Judge UNDERWOOD. Floyd County. At Chambers. February 2d, 1878.

The children of Mitchell filed their bill against his widow and administrator, making, in brief, this case:

Mitchell died in October, 1876, domiciled in the state of Florida, leaving real estate there worth $8,000.00, and personal property and notes to the amount of $4,000.00 and real estate in Floyd county, Ga., worth $14,000.00 personalty to amount of $320.00 and debts of doubtful solvency from $4,000.00 to $5,000.00. The estate owed no debt in Florida, but about $4,000.00 had been presented in Georgia.

For some time previous to his death he had been in feeble health—threatened with paralysis, and seemed conscious of his liability to die at any moment. A few weeks before he died he called his wife into his room and told her he was feeling badly or strangely, and might die before morning. Called for writing material, which was given him, and he was left alone. A short while after he re-called his wife, and in the presence of her little daughter, Carrie Williamson, by a former husband, offered her the following notes, stating, "If I should die, you are provided for," handing the notes to Carrie, with directions to put them in her mother's trunk: One note on B. F. Whitner, of Orange county, Fla., for $1,250.00, indorsed in writing as follows: "I do hereby give this note unto my dear wife, C. A. Mitch-

ell, for her individual and separate use and benefit, and direct that payment be made to her, and the mortgage on which it is founded.

"Witness my hand and seal.

"D. R. MITCHELL. [Seal.]"

"September 26, 1876.

Also one note on Brantley for $3,500.00, indorsed as follows: "I have and do hereby give the above note unto my dear wife, C. A. Mitchell, for her individual use and benefit, as part provision for her.

"Witness my hand and seal.

"D. R. MITCHELL. [Seal.]"

"September 26, 1876.

Also one note on J. N. Whitner for $1,200.00, indorsed as follows: "I have given the above note to my dear wife, Mrs. C. A. Mitchell, for her individual use and benefit, as part of her interest in my estate.

"D. R. MITCHELL. [Seal.]"

"September 26, 1876.

Said notes have since been in the possession of Mrs. Mitchell, who, shortly after her husband's death, moved back to Floyd county, Ga., the former home of herself and husband, where she now lives.

Soon after she returned she applied to the ordinary for year's support out of the estate. Commissioners allowed her $2,000.00, which was objected to and reduced by the ordinary to $1,500.00 The objectors, who were the complainants, appealed from this allowance to the superior court, where the case is now pending. But the ordinary had required the administrator to advance to the widow a sufficient amount for necessaries pending the appeal.

The objections to the year's support were that the widow was not entitled here, her husband having been domiciled in Florida; the amount was excessive; she had received from the estate $80.00, her expenses in moving back from Florida, $101.85 property bought at sale, $200.00 in an order by the administrator on a store for provisions, and $250.00

assumed by the administrator for her, besides interest which she had received on the Whitner and Brantley notes afore-said—$444.00 ; in all more than ought to be allowed for year's support.

It is also alleged that the B. F. Whitner note " was intended by the intestate as provision in lieu of year's support." And that the notes of J. N. Whitner and Brantley " were handed to the said C. A. Mitchell to be accounted for by her in the distribution of the estate, as shown by the circumstances of their delivery and the indorsements thereon." And that these notes and the money received by her aforesaid will more than cover any and all interest she may have in the estate.

Discovery is prayed from Mrs. Mitchell as to all the matters in the bill, particularly as to what property of the estate she brought with her from Florida? what she has received from the administrator since? what she has received on said notes, etc.? and from the administrator, Forsyth, what amounts he has paid Mrs. M., etc.?

The prayer is to settle Mrs. Mitchell's right as to year's support, and fix the amount thereof ; to enjoin the payment of anything towards year's support, and the prosecution at law of the claim for year's support ; and to enjoin the collection of any more on the Whitner and Brantley notes ; and that said notes be surrendered to the estate, or accepted by the widow in lieu of all claims upon or interest in the estate ; and for general relief.

Mrs. Mitchell, by answer, set up the following facts :

Admits that the intestate gave her the three notes on the Whitners and Brantley, and attaches copies with the indorsements. The facts and circumstances under which the notes were given her are not correctly stated by the complainants ; though she does not deem it material to detail the same further than to say, the notes, with the indorsements thereon, were handed her by the intestate, he saying : " Here are some notes I have indorsed to you—you may need them." She was herself, at the time, unwell and in bed, and re-

quested her husband to hand them to her daughter to put away. And he did then hand them to her daughter, Carrie, and told her to put them in her mother's trunk, which she did. They have been in her possession ever since.

A short time before the gift of the notes to her, the intestate had advanced the bulk of his estate to his children, the complainants—about $10,000.00 to each—and had then asserted that it was all he intended to give them. Defendant prays an account as to such advancements, and that she may be made equal to them before any further distribution is had, etc.

The laws of Florida allowed her a year's support, to be assessed by commissioners appointed by the probate court, to be paid before all debts of the estate, and over and above her share as heir or distributee.

Upon the foregoing bill and answer the court granted an injunction against the proceedings at law to assess the year's support, and the payment of anything else upon the same until the final hearing; but refused to enjoin the collection of the Whitner and Brantley notes.

The complainants amended their bill, the main object of which seems to be to perfect or quiet the title to a piece of property belonging to the estate known as the Williamson farm, which the intestate had obtained from his wife before his marriage to her, in exchange for property in Rome. Certain defects in the title are complained of, and the prayer is that they be cured, or the trade rescinded.

The amendment also alleges that the defendant has applied to the superior court of said county for the assignment to her of money in lieu of dower in the lands of the intestate in said county, and that commissioners have been appointed for that purpose; that she "has received in solvent notes and cash, just before and since the death of her husband, and for which she is liable to account in the distribution of said estate, an amount sufficient to cover such year's support as may be allowed her, and also such sum as may be allowed her as dower, or in lieu of dower, being the several sums and notes referred to as described in the original bill."

It is also "distinctly charged," that the B. F. Whitner note "was, under all the circumstances attending its transfer, given and intended to'be in lieu of any claim she might have for year's support." [Not dower.]

Mrs. Mitchell answered this amendment, agreeing to the relief prayed for as to the Williamson farm, to-wit: that the title be perfected, or that the trade be rescinded.

As to the dower, she admits that she has applied for the assessment of money in lieu of dower; that the commissioners appointed for the purpose had made their assessment and retured the same to that term of the court, awarding her $477.69 in lieu of dower in the Williamson farm, and $2,142.17 in lieu of dower in the other lands of the estate in said county.

In answer to the allegation that the Whitner and Brantley notes, or any part of them, were given her in lieu of dower and year's support, she refers to her answer to the original bill, wherein is set forth how and when said notes were given her, and for what purpose, etc.

The complainants, at the hearing of the application for injunction against *dower*, again amended, alleging "distinctly" that the Brantley note and the J. M. Whitner note were given by the intestate to his wife "in consideration of, and for her entire interest as widow and heir at law in his entire estate, both real and personal, both as to dower and distributive share of personalty." The other Whitner note was given in lieu of year's support. That the intestate "so held, regarded and understood" the assignment of the notes first above mentioned, "as being in full consideration of the entire future interest of her, the said C. A. Mitchell, in his entire estate above alleged."

That Mrs. Mitchell is prosecuting her claim for dower, and seeking to have the return of the commissioners who have assessed the same, made the judgment of the court.

They prayed that she be enjoined from so doing.

Mrs. Mitchell immediately answered this amendment, stating that she knew of no fact or circumstance upon

which the complainants could base their allegation that the notes specified were given her in consideration of and for her entire interest in the estate, both as to dower and distributive share, etc.

The answer of the administrator is not material to the questions here involved.

Upon the bill thus amended, the application was for an injunction against the further prosecution by Mrs. Mitchell, of her claim for money in lieu of dower, or the payment of any part thereof by the administrator.

The injunction was granted as prayed for, and Mrs. Mitchell excepted.

WRIGHT & FEATHERSTON; D. S. PRINTUP, for plaintiff in error.

ALEXANDER & WRIGHT, for defendants.

BLECKLEY, Judge.

1. Lands in this state are subject to dower, whether the owner was a citizen or not, at the time of his death. 2 Scribner on Dower, 24; Code, §1763.

2. The subject of waiving or barring dower is dealt with in the Code, section 1764. We can see no trace of waiver or bar in the acceptance and retention of a gift of personalty, made by the husband to the wife, in contemplation of death, and declared in writing to be for her individual use and benefit, as part provision for her, and as part of her interest in his estate, nothing being said or written in relation to dower, or to waiving the same, or to taking personalty in lieu thereof. The intention of substituting something in place of dower must be manifested. The intention must be plain. In this case, it is left to the most uncertain conjecture.

2. On the special facts apparent in the record, there was no abuse of discretion in granting the injunction, though

the right to dower, or to money in lieu of it, is in a high degree probable, indeed, almost certain. It is better that the various matters of dispute between the parties should be adjusted in one suit. The present wants of the widow are provided for.

Cited in the argument: Code, §1764; 7 *Ga.*, 20, 27, 29. Judgment affirmed.