SEARS, administrator, *vs.* ODELL *et al.*

A widow filed her bill alleging that her husband had taken a homestead for herself and child, that after his death his administrator entered on the land, sold the crops, and applied for leave to sell the land; that he was insolvent; she prayed for an accounting for the property sold; for injunction to restrain him, and for a receiver. It appeared on the hearing that the homestead, the year's support and dower were all in dispute :

*Held*, that there was no error in granting an injunction, with leave to amend the bill so as to settle all the questions arising out of the homestead, the dower, and the year's support. 60 Ga., 525.

Injunction. Before Judge ERWIN. Hall County. At Chambers. September 24th, 1880.

Reported in the decision.

H. H. PERRY, for plaintiff in error.

S. C. DUNLAP; J. M. TOWERY; JNO. A. WIMPY, for defendant.

CRAWFORD, Justice.

E. E. Odell filed her bill in equity in which she alleged that her husband, on the sixth day of January, 1869, had set apart a homestead and exemption of personalty to herself and his minor children, in the possession and enjoyment of which they remained until his death, in

1879, when Willis W. Sears, the defendant, was appointed his administrator and took possession of the entire property, real and personal, and proceeded to administer upon it by a sale of all the personal property, seizing the crops grown on the land for the year 1879, renting it for 1880, and applying for leave to sell the land itself, and that the said Sears is insolvent and unable to respond in damages. She prays discovery as to the amount of personal property sold, the amount of rents received, that he account and pay over the value of all amounts received, and that injunction do issue restraining him from selling the said homestead lands or collecting the rent, and that a receiver be appointed to take charge of the homestead estate and collect the rents until the final decree.

The defendant demurred to the bill for the want of equity, and further because the complainants, if any right of action existed to them, had an ample common law remedy.

The court, after considering the bill, the demurrer, and affidavits, granted the injunction, and leave to amend by adding new parties, with such further allegations as will settle all the questions arising out of the homestead, the dower, and year's support which has been set apart to complainants.

Of this judgment the plaintiff in error complains, and asks that the same be set aside and reversed.

The case, as it appeared to the chancellor below, was, that as the complainants alleged, a homestead and personal exemption had been allowed to them in 1879, which fact was denied by the defendant. That after ten years of use and occupation by them, the husband and father died, leaving the widow and minor children; that defendant having been appointed the administrator, entered upon this exempted property, ignoring the rights of the complainants, sold all the personal property except a year's support, took the rents, and was seeking to sell all the land except the dower which the widow had applied for and

had assigned to her. So that the turning point in the rights claimed by the complainants was one of fact, and that denied by defendant. If sustained, then the judgment of the year's support and the wife's dower were in conflict, and the administrator should discover and account as prayed for; if not sustained, then they stand and the administrator pays out according to the priorities. The estate is to be administered if it were not exempted; if it were, then the administrator has no rights as such. The title by which the parties hold this land is involved, the dower is involved, the accounting for the rents is involved, the sale of the personal property is involved, the insolvency of the administrator alleged, the defendant puts in a demurrer, affidavits are heard by the chancellor, he grants the injunction and no abuse of discretion or violation of a legal principle appears to us.

Equity having taken possession of the controversy between these parties, so as to consolidate all the questions in one suit, and as an adjustment of the whole by one trial may be had, we think that the judgment should not be disturbed. 60 *Ga.*, 525.

Judgment affirmed.