*John P. Ross,* for plaintiff.   *R. D. Feagin,* for defendant.

---

## WALDROP *v.* CHANDLER.

1. Under the pleadings and the evidence the petitioner, who in common with her two sisters was devised by her father's will an interest in 531 acres of land at her majority or marriage, as well as one third of the issues and profits from a portion of the land during her minority, and who had received only ten bushels of cottonseed as income, and who on account of sales and divisions and purchases by the executor apparently had only remaining from the estate of her father a one-third undivided interest in 144 acres of land, was entitled to have an accounting as prayed for; and a verdict directed by the court which denied her that right is contrary to law and contrary to the evidence.

2. There was no error in the admission of the deed referred to in the second ground of the amendment to the motion for a new trial. The mere fact that one who is executor and another who is a trustee, or either of such persons, may purchase a chose in action evidencing an indebtedness on the part of the testator, together with the deed given to secure such debt, although the cestuis que trustent may have an interest in the land,— without more, is not of itself evidence of fraud; and such a transaction, if bona fide, is not void.

3. The court did not err in admitting the documents relating to the grant of a year's support.

  (*a*) An ordinary who acted as an appraiser before he went into office is not, for that reason, disqualified from rendering a judgment setting aside a year's support.

  (*b*) A mother who in behalf of herself and her minor children waives a disqualification cannot be heard thereafter to insist upon qualification.

  (*c*) The court did not err in overruling another objection to the documentary evidence just referred to, based upon the ground that the document itself was void. The evidence was relevant to the issues raised by the pleadings, and evidence which is relevant will not be excluded merely because it is disclosed by a writing fraudulent or

void. Furthermore, the admission of this evidence could not have been otherwise than favorable to the petitioner.

4. The court erred in directing a verdict.

No. 3163. MARCH 3, 1923.

Equitable petition. Before Judge Wright. Haralson superior court. February 4, 1922.

*H. C. Hutchens* and *H. J. McBride,* for plaintiff.

*J. S. Edwards* and *Griffith & Matthews,* for defendants.

RUSSELL, C. J. 1. The plaintiff was one of three minor children of a testator, who were mentioned in three different items of his will. In the second item these three minor daughters were devised a remainder in trust in a tract of land therein described, which amounted to about 127 acres, to take effect after the death or remarriage of their mother. In the fourth item the testator devised to their mother, in trust for their sole and exclusive benefit, 213 acres of land therein described, one third of which was to become the property of each as they severally married or reached their majority. In the fifth item provision was made by which, could 101-1/4 acres of the land be sold by the executor for as much as $1250, each of the minor daughters was to receive one-fifth of the purchase-price, which by the will was placed in the hands of the executor as their trustee for the purpose of their education. Thus it will be seen that it was the intention of the testator, that the plaintiff should receive at least 71 acres of land (from the remainder of lot number 27 not devised to his wife for her life or widowhood, and from the 112-1/2 acres of lot number 28 after deducting the 90 acres devised to his son, Warner L. Chandler, and including the 25 acres in the northwest corner of lot number 19 adjoining lot Number 28), under the provisions of item four of the will, whenever she married, as well as nearly 32 acres of land in lot number 27 in the event her mother remarried, and that in addition thereto she should receive $250, to be expended for her benefit, from the sale of the 101-1/4 acres of land devised in item five of the will, as well as one fifth of the value of the testator's personal property. What has just been stated as to the plaintiff, Lemma Waldrop, likewise applies to her two minor sisters.

The evidence shows that the executor, the defendant Warner L. Chandler, at the time that he was restrained by the filing of the

equitable petition, was seeking a discharge, and that of the more than 531 acres of the land in which petitioner and her two minor sisters had an interest under the will as stated above, there remained only about 140 acres of the land to be divided between the three minor children of the testator. The testimony further showed that the personal property had all been appropriated to the use of the trustee of these minors and to the executor; and it is uncontradicted that the plaintiff, instead of receiving year by year the income from the land mentioned in items two and four of the will, had never received anything, except ten bushels of cottonseed, since the death of her father on the 28th day of April, 1907. It would certainly seem that under these circumstances the plaintiff was entitled to have an accounting as prayed for, and that a verdict which denied her that right is contrary to law and and contrary to the evidence, as we shall attempt to explain more fully when we come to deal with the specific ground of the motion for a new trial which assigns error upon the direction of the verdict.

2. The plaintiff objected to the admission of the deed from the John Hancock Mutual Life Insurance Company to Warren L. Chandler and Missouri A. Chandler, conveying to them by quitclaim lots 27 and 28 in the 8th district and 5th section of Haralson County, as well as 25 acres in the northwest corner of land lot number 19 in the same district and section, and reciting a consideration of $1926, upon the ground that this quitclaim deed was void as a muniment of title, and that the grantees could acquire no title thereunder adverse to the estate. The court overruled the objection, and exception is taken to this ruling in the first ground of the amendment to the motion for a new trial. We do not think that the court erred in admitting the deed despite the reasons assigned for its exclusion; and this document was clearly admissible in response to the prayer for an accounting, in connection with the first deed (which had been admitted without objection), since the two deeds together evidenced the facts that the testator at the time of his death was indebted to the John Hancock Mutual Life Insurance Company in the sum of $1926, and that this debt, together with the security therefor, had been purchased by the executor and his stepmother from their private and individual funds. The mere fact that one who is an executor and

another who is a trustee, or either of such persons, may purchase a chose in action which evidences an indebtedness on the part of a testator, and security deeds binding the realty in which the cestuis que trustent are interested, without more, is no evidence of fraud; and such transaction, if bona fide, is not void.

3. The objection made to the documentary evidence with relation to the setting aside of the year's support, at the time this evidence was tendered, was (*a*) that the document showed on its face that it was void for the reason that Mr. Eaves, the ordinary, was disqualified by reason of having been one of the appraisers; (*b*) that the agreement accompanying the judgment shows that it was a fraudulent transaction, because it specifies that the executor agrees that the judgment be rendered in consideration of the transfer of property to him that had been devised to the children. We do not think that the evidence was subject to either of the objections urged against its admission.

(*a*) The agreement to waive the disqualification of the ordinary was immaterial and of no consequence. It did not amount to a waiver, because the ordinary was not disqualified, and could have acted had no agreement to waive his disqualification been entered. Section 4642 of the Civil Code declares; " No judge or justice of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission, can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity, nor of which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without the consent of all parties in interest: Provided that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appointment as judge, he shall preside in such cases if the opposite party or counsel agree in writing that he may preside, unless the judge declines so to do." It has been held in *Tucker* v. *Roberts,* 151 *Ga.* 753 (108 S. E. 222), that processioners fall within the terms of the code section; and it was necessarily held in *Spearman* v. *Wilson,* 44 *Ga.* 473, that arbitrators exercise judicial functions. But in our opinion the duties of the appraisers who are appointed under section 4041 of the Code of 1911 are purely ministerial. It is true that there is an exercise of a dis-

cretion, taking into consideration the size and condition of the estate, the mode of life to which the widow and family of the deceased have been accustomed, in fixing the amount to be set aside, and both knowledge and good judgment as to the value of the property to be set apart are involved in the making of the report to the ordinary; but the return after all is but the report of a committee. While it is true that as a matter of practice this report or return of the appraisers is as a matter of course approved by the court of ordinary unless objection be filed, still citation must be published, and any person interested either as heir or creditor (as well as the administrator representing the heirs) has an opportunity to be heard; and this is the first judicial investigation in the matter.

(b) In overruling the second objection to the effect that the agreement between the executor and the trustee of the minors in the documentary evidence shows on its face that it was fraudulent, there was no error of which the plaintiff can complain; for the admission of the document was to her advantage, in that it tended to show that the executor, while endeavoring to gain 37 acres as individual profit at the expense of the estate of his testator, was merely clothing himself with a trust for the benefit of the other beneficiaries of the will. Aside from this, however, the evidence was relevant to the issues raised by the pleadings; and evidence that is relevant can never properly be excluded, even though it may appear in or be disclosed by a document which may be legally ineffective or void.

4. The third ground of the amendment to the motion for a new trial complains of the verdict which was directed, as being contrary to law and the evidence; and also assigns as error that any verdict was directed. We shall treat both branches of the assignment of error together; for, after careful and painstaking consideration of the voluminious record in this case, we are satisfied that the learned trial judge erred in directing the verdict rendered; and we are also of the opinion that there are various conflicts in the evidence (and especially the various issues of fact involving the question of contribution) which should have been submitted to a jury.

We may say in passing that this case presents two peculiar features. In the first place, the record discloses such a notable

disregard of the testator's will and the substitution therefor of the wishes of the executor as can scarcely be paralleled in the history of jurisprudence; and in the second place the case is also peculiar in that counsel for neither party has cited us to a single statute, or to the reports of any State to aid us in this decision. Both rely upon the presumption (ofttimes ill-founded, I fear) that the judge, as well as the public generally, knows all the law. Thus, while this court is on trial to preserve this traditional presumption, yet the task is not hopeless, because, as once remarked by Judge Bleckley, happily, we are legally infallible. *Ellison* v. *Georgia R. Co.,* 88 *Ga.* 691, 696 (13 S. E. 809).

We think that the direction of the verdict (in addition to other reasons which might be stated) was error, (*a*) because it is contrary to law, in that under the pleadings and the evidence in the case the verdict rendered was not demanded; (*b*) because under the evidence the deed from Missouri A. Thompson to the executor, in so far as it purported to convey to him 37 acres of land in lot number 28 in the 8th district and 5th section of Haralson county for his individual use and benefit, must be avoided; (*c*) because, under the pleading and evidence in the case and the prayer for an accounting, not only must the value of the testator's land as a whole be ascertained, but the separate value of each particular tract, as these tracts are held by different parties, must also be determined, as well as the rental value of the cultivatable land in each separate tract for each year subsequent to the death of the testator.        *Judgment reversed. All the Justices concur.*

ATKINSON, J., concurs in the result.