KERR, executrix, *et al. v.* McANALLY, administrator.

BELL, Justice. Executors instituted a suit in equity to enjoin the prosecution of an application for a year's support, as filed in the court of ordinary, in alleged right of the testator's widow. The plaintiffs alleged, that the widow had accepted a legacy provided for her in the will in lieu of a year's support; that the estate had been fully administered; that in the event a year's support should be granted, certain equities would arise which could not be adjusted in the court of ordinary; and that entertainment of the suit by a court of equity would prevent a multiplicity of actions. The court sustained a general demurrer and dismissed the suit, and the plaintiffs excepted. *Held:*

1. The court of ordinary had jurisdiction to determine whether the widow should be denied a year's support on the alleged ground that she had accepted the legacy provided in the will in lieu of a year's support; and the plaintiffs did not need an injunction to defeat the application on such ground. *Ehrlich* v. *Silverstein,* 121 *Ga.* 54 (48 S. E. 703); *Bass* v. *Douglas,* 150 *Ga.* 678 (104 S. E. 625); *McNair* v. *Rabun,* 159 *Ga.* 401 (4) (126 S. E. 9).

(*a*) If court of ordinary would not have jurisdiction to determine an objection that the estate has been administered, it necessarily follows that the grant of the application would not bind the plaintiffs as to the existence of assets, and an injunction should not be granted on this ground. *King* v. *Johnson,* 94 *Ga.* 665 (21 S. E. 895); *Wood* v. *Brown,* 121 *Ga.* 471 (49 S. E. 295).

(*b*) Moreover, an attempted adjudication of any matter not within the jurisdiction of that court would be void, and could not bind the plaintiffs. Code, § 110-709.

(*c*) Under the foregoing rulings the plaintiffs were not entitled to injunction. See *Goss* v. *Greenaway,* 70 *Ga.* 130; *Burks* v. *Beall,* 77 *Ga.* 271 (3) (3 S. E. 155); *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299); *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61).

(*d*) The present case is distinguished by its facts from *Mitchell* v. *Word,* 60 *Ga.* 525 (3); *Sears* v. *Odell,* 66 *Ga.* 234; *Churchill* v. *Bee,* 66 *Ga.* 621 (7); *Holton* v. *Bene,* 134 *Ga.* 601 (68 S. E. 322); *Henson* v. *Federal Land Bank of Columbia,* 162 *Ga.* 839 (2) (134 S. E. 923); *Federal Land Bank of Columbia* v. *Henson,* 166 *Ga.* 857 (144 S. E. 728), relating to equitable jurisdiction of matters pertaining to a year's support.

2. The right to a year's support is purely statutory, and can be exercised only in the court of ordinary. Since, on a proper construction of the petition, all equitable relief for which plaintiffs prayed except injunction is made dependent upon the grant of a year's support, which could not be granted by the court of equity, the prayers for such relief were premature, if not otherwise without basis in equity. *McNair* v. *Rabun,* supra; *Dougherty-Little-Redwine Co.* v. *Hatcher,* 169 *Ga.* 858 (2), 863 (151 S. E. 796); *Waldrop* v. *Chandler,* 155 *Ga.* 829 (3), 833 (118 S. E. 745); *Goss* v. *Harris,* 117 *Ga.* 345, 349 (43 S. E. 734); 24 C. J. 230, 264, §§ 758, 850. Contrast *Bishop* v. *Woodward,* 103 *Ga.* 281 (29 S. E. 968), in relation to dower.

3. The court did not err in sustaining a general demurrer and in dismissing the petition. See also *Martin* v. *Gaissert,* 134 *Ga.* 34 (2) (67 S. E. 536); *Bishop* v. *Brown,* 138 *Ga.* 771 (3) (76 S. E. 89); *Cross* v. *Johnson,* 82 *Ga.* 67 (2) (8 S. E. 56); *Fulghum* v. *Fulghum,* 111 *Ga.* 635 (36 S. E. 602). *Judgment affirmed. All the Justices concur.*

No. 11488. November 13, 1936.

*W. K. Miller* and *Curry & Curry,* for plaintiffs.

*Henry T. Chance Jr., Clement E. Dunbar,* and *Roy V. Harris,* for defendant.