WRIGHT *et al.* v. EDMONDSON.

DUCKWORTH, Justice. In a petition by a surviving partner to enjoin the widow of the deceased partner from proceeding to obtain a year's support from described real estate in possession of the widow as administratrix of her husband's estate, to enjoin a sale or encumbrance of such real estate, and to obtain a receiver therefor, it was alleged that the real estate was purchased by the deceased partner with funds of the partnership, and on this ground it was sought to impress upon the land a trust in favor of the partnership. The court overruled a demurrer which challenged the sufficiency of the petition to show any right to an injunction or receiver, granted a temporary injunction, and appointed a receiver. *Held,*

1. Under the ruling in *Smith* v. *Pitchford,* 189 *Ga.* 307 (5 S. E. 2d, 766), the averments of the petition failed to show any right to an injunction

against the year's support proceedings. See *Dix* v. *Dix*, 132 *Ga.* 630 (64 S. E. 790); *Kerr* v. *McAnally*, 183 *Ga.* 365 (188 S. E. 687).

2. As to an injunction against a sale, encumbrance, or disposition of the alleged partnership property in the possession of the administratrix, the averments of the petition failed to show any right to such relief, since no insolvency of the defendant or danger of irreparable injury was alleged, and the petitioner would have an adequate remedy and protection under the act of February 21, 1939 (Ga. L. 1939, p. 345), by filing a notice of lis pendens in the instant suit if maintainable on other grounds, or, if not, by a proper suit and the filing of a notice of lis pendens thereon.

3. The petition alleging that the property was in the adverse possession of the defendant as administrator, and failing to allege insolvency of the defendant or danger of irreparable injury, no right to a receiver was shown. Code, §§ 55-301, 55-303, 55-305; *Crawford* v. *Ross*, 39 *Ga.* 44, 49; *Templeman* v. *Templeman*, 173 *Ga.* 743 (161 S. E. 261).

4. The court erred in overruling the demurrers as to injunctive and receivership relief; and the further proceedings were nugatory. It is not necessary to determine whether the petition was maintainable upon the averments and prayers relating to a trust or any other ground, since the order overruling the demurrer dealt with above expressly withheld any decision on the other grounds of demurrer.

*Judgment reversed. All the Justices concur.*

No. 13044. NOVEMBER 17, 1939.

*H. C. Harrison* and *Lovejoy & Mayer,* for plaintiffs in error.
*Wyatt & Morgan,* contra.