SMITH *et al. v.* PITCHFORD *et al.*

No. 13028.   November 17, 1939.

308

*Walter A. Sims* and *Henry M. Henderson,* for plaintiffs.

*Norman H. Fudge* and *Howard H. Hamrick,* for defendants.

JENKINS, Justice. 1. "If the widow . . be entitled to a year's support . . there is no cause, legal or equitable, for delaying the enjoyment of [this right]; and if [it] can not be asserted

against the . . executor, he can defend himself at law upon his title as executor, and has no need for an injunction." *Burks* v. *Beall*, 77 *Ga.* 271 (3), 281 (3 S. E. 155). This general rule, which ordinarily precludes equitable interference with the long-favored right of year's support, as held in that oldest unanimous decision, although it arose on an application for injunction by the personal representative of the estate, would be equally applicable where, as here, the petitioners for injunction against the year's support proceedings assert no claim as heirs or creditors of the decedent, but merely claim the real estate sought to be set apart, by virtue of their alleged superior title under the wills of third persons. This is true for the reason that, the court of ordinary having no jurisdiction to determine conflicting claims between the widow and the petitioners as to the title of the real estate, and the petitioners therefore not being required to go into that court to assert their claim, they would not be bound by the year's support procedure as to any subsequent claim of title by the widow or her assignees. *Dix* v. *Dix*, 132 *Ga.* 630 (2, 4), 639 (64 S. E. 790).

2. Even though the petition by the alleged devisees or heirs of other estates impliedly sought a construction of wills, in praying that their rights thereunder to the real estate involved be adjudicated against the estate of the decedent from which the widow sought to obtain the year's support, the petitioners could not maintain their suit under the Code, § 37-403, or § 37-404, the first section declaring that, "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests," and the second section providing that "In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution;" because (a) the petition was not brought by the personal representative of the estate from which it was sought to have the year's support set apart, or brought even by any personal representative of the estates in which the petitioners at least impliedly sought a construction of the wills, even if it could be assumed that

a representative of the estate of a third person could ask for the construction of a will of such person in seeking an adjudication in favor of claimants of his estate on an application for year's support or administration proceedings in another estate; and (b) it was not made to appear that the petitioning claimants, but for the relief sought, were subject to "danger of loss or other injury to [their] interests," since, under the ruling in the preceding paragraph, any title they might have would not be affected by the year's support proceeding. Especially is this true where the only title which, under the petition, could inure to them by virtue of the wills of the third persons consisted of an alleged remainder interest after the death of a person still in life, and they would have no cause of action to recover the property before the death of such life tenant. *Mathis* v. *Solomon*, 188 *Ga.* 311 (4 S. E. 2d, 24), and cit.

3. Under the preceding rulings, the court properly dismissed the action; and it is unnecessary to consider the further question as to what, if any, interest the petitioners took by the wills of the testatrices, under the contention that such instruments devised to the widow's husband only a conditional or contingent devise, terminating at his death, so that the entire estate then vested in the surviving life-tenant, and in these petitioners taking after the death of such life-tenant; or whether the petitioners took nothing, under the widow's contention that the wills devised a vested remainder to the husband, which passed to his estate and was subject to the year's support.          *Judgment affirmed.   All the Justices concur.*