## BOWEN *et al.* v. BOWEN *et al.*

JENKINS, Presiding Justice. 1. A testator may by his will make provision for his wife in lieu of dower and twelve-months' support. Where such provision has been made and accepted by the wife after the husband's death, the right to a twelve-months' support and dower will be barred. Code, §§ 113-1007, 31-110; *Bass* v. *Douglas*, 150 *Ga.* 678 (104 S. E. 625); *Chambliss* v. *Bolton*, 146 *Ga.* 735 (92 S. E. 204).·

2. Ordinarily, a widow is entitled to a year's support; and in case of testacy, in order to put the widow to an election between the provisions made in her favor in the will and her right to a year's support under the statute, such testamentary provision in her favor must be either expressly made in lieu of year's support, or the intention of the testator to that effect must be deduced by clear and manifest implication

from the will, founded on the fact that the claim of year's support would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them. *Chambliss* v. *Bolton*, 146 *Ga.* 734 (supra).

3. Where the widow claims the legacy made under the will and at the same time makes application to the ordinary for a year's support, any person interested may file a caveat to the return of the appraisers, and may set up as a bar to its allowance an inconsistent election on the part of the widow whereby under the provisions of the will she has estopped herself from such an allowance. *Kerr* v. *McAnally*, 183 *Ga.* 365 (188 S. E. 687); *Goss* v. *Greenaway*, 70 *Ga.* 130; *Reynolds* v. *Norvell*, 129 *Ga.* 512 (59 S. E. 299).

(*a*) "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403. Accordingly, a court of equity will not obstruct the orderly procedure of an application for year's support before the ordinary, by assuming jurisdiction under the guise of construing the will; especially where the executor, who is the only proper party for a petition for construction, is not the plaintiff in the petition, but is named as a party defendant by certain legatees under the will. *Smith* v. *Pitchford*, 189 *Ga.* 307, 309 (2) (5 S. E. 2d, 766); *Maneely* v. *Steele*, 147 *Ga.* 399 (94 S. E. 227); *Palmer* v. *Neely*, 162 *Ga.* 767 (5) (135 S. E. 90).

4. The petition of certain legatees, besides seeking a construction of the will so as to preclude the widow from her claim for year's support, sought an injunction against a firm of real-estate agents, who were joined as parties defendant, and who, it was alleged, with the assent and direction of their principal, the executor, were diverting rents derived from property willed to the plaintiffs to pay debts against property willed to one of the defendant legatees, contrary to the provisions of the will. Here again, no reason appears to disturb the orderly procedure of the court having and exercising jurisdiction. *Gibbs* v. *Gibbs*, 151 *Ga.* 745, 751 (108 S. E. 214); *Burks* v. *Beall*, 77 *Ga.* 271 (3) (3 S. E. 155). No reason is shown why the executor is not amenable to and cannot be made to respond to any future order of the ordinary holding him responsible. Code, §§ 113-1229, 113-1101. Especially is this true where the prayer for injunction was not directed against the executor, whose act it was alleged to be, but solely against the agents—without any independent authority (32 C. J. 301, § 489); and for this reason it would seem that the court was being asked to grant ineffectual and therefore useless relief. Nor is any indication whatever given as to what amount is being thus diverted; nor is there any clear statement made that any such future diversions will be made; nor that the executor or his agents are insolvent. *Tinsley* v. *Maddox*, 176 *Ga.* 471 (16) (168 S. E. 297); *Gould* v. *Glass*, 120 *Ga.* 50 (6) (47 S. E. 505); *Cross* v. *Johnson*, 82 *Ga.* 67 (2) (8 S. E. 56). See, in this connection, *Kerr* v. *McAnally*, 183 *Ga.* 365 (supra); *Wright* v. *Edmondson*, 189 *Ga.* 310 (5 S. E. 2d, 769).

**574**

5. Under the foregoing rulings, the court did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*

No. 15418. April 2, 1946.

*Augustine Sams,* for plaintiffs.

*Mitchell & Mitchell* and *A. T. Walden,* for defendants.