18746. BANDY *et al. v.* SMITH, next friend, *et al.*

ARGUED OCTOBER 13, 1954—DECIDED NOVEMBER 8, 1954.

*O. C. Hancock, D. W. Rolader, Vester M. Ownby, C. E. Moore,* for plaintiffs in error.

*Ernest Bostick, Joseph B. McConnell,* contra.

WYATT, Presiding Justice. 1. It is first contended that it was error to allow the amendment to the petition in the instant case, which struck counts 2, 3, 4, and 5, and that it was error to enter

the order revoking and vacating that portion of the previous order dealing with said counts. The contention is that, since demurrers had been sustained to certain of these counts, there had been a final judgment, and that the plaintiffs could not then amend and the judge could not then revoke and vacate his judgment. It appears from the record that no objection or demurrer to the said amendment was filed in the court below. This objection, being raised for the first time in this court, will not be considered.

It is next contended that the trial judge had no right to revoke and vacate a portion of his former judgment. There is no merit in this contention. A trial judge has the power during the term of court at which a judgment is rendered to revise, revoke, or vacate said judgment, even on his own motion, for the purpose of promoting justice and in the exercise of a sound discretion. See *Tyler* v. *Eubanks*, 207 *Ga.* 46 (60 S. E. 2d 130). The order in the instant case was within the term of court at which the previous judgment was rendered, and the judge had a right to revoke and vacate the portions of the judgment, which he did. It follows, therefore, that there was no error in the order revoking and vacating portions of the former order.

2. It is next contended that the general demurrers to count one should have been sustained. The gist of the present action is that the remaindermen are seeking to remove the administration of a decedent's estate from the court of ordinary to a court of equity. It is also sought to remove the executor, appoint a receiver, forfeit the life estates, have an accounting, and other relief. The grounds which it is alleged entitle them to this relief are that the executor fraudulently induced the ordinary to approve certain sales of real estate at private sales, which private sales were not authorized under the will, that the property was sold for less than its true value, that it was not necessary to sell said property, and that the proceeds were misapplied.

All the relief to which the petitioners appear from the allegations of the petition to be entitled can be secured in the court of ordinary. The petitioners admit that they can not now set aside the sales which it is alleged were illegally made. They seek, however, to recover damages against the executor. However, they allege that they are entitled as damages to the

difference between the selling price and the present value of the land in question, which value is alleged. Under no circumstances, either in law or equity, would the petitioners be entitled to this sum as damages. It may be that with proper allegations and proof the plaintiffs can recover damages against the executor if he has wilfully or negligently injured the estate. However, they can get all the relief they require in an accounting before the ordinary.

It is also sought to set aside the judgment of the court of ordinary for fraud. There are no allegations to support the allegation that these judgments were procured by fraud. There is simply no fraud alleged in the petition.

There is no merit in the contention that a determination of the questions involved requires a construction of the will of the deceased, and that, therefore, the administration of the estate should be removed from the ordinary. The contention is that the plaintiffs in the court below allege that the will of the deceased did not give the executor the right to sell at private sale, and the defendants contend that it did. We do not agree. There is no prayer for the construction of the will and none is needed. Equity will not assume jurisdiction of an estate and thereby obstruct the orderly procedure for the administration of an estate under the guise of construing the will. See *Bowen* v. *Bowen*, 200 *Ga.* 572 (37 S. E. 2d 797); *Smith* v. *Pitchford*, 189 *Ga.* 307 (5 S. E. 2d 766).

It further appears that there are no allegations in the petition which show that there is any danger of loss or irreparable injury to the estate. It is not alleged that the executor is insolvent or unable to compensate the petitioners for any negligence or misconduct of which he may be found guilty in an accounting before the ordinary. Nor are there any allegations which show that the present life tenants are guilty of any acts of misconduct toward the estate which would authorize a forfeiture of their interests.

3. The special demurrers, not having been argued in this court, will be considered abandoned.

4. The rulings herein made dispose of the case under consideration, and no ruling will be made on other questions presented by the record.

5. For reasons stated in division 2 of this opinion, the judgment of the court below must be

*Reversed. All the Justices concur.*