21161. GAINES v. JOHNSON, Executor.

SUBMITTED FEBRUARY 13, 1961—DECIDED MARCH 9, 1961.

*Robert J. Reed,* for plaintiff in error.

*C. Winfred Smith,* contra.

HEAD, Presiding Justice. Mrs. E. Y. Gaines brought a petition in equity against Hubert Johnson, as executor of the estate of H. V. Johnson, praying: That rule nisi issue requiring the defendant to show cause why he should not be restrained from dissipating the sums held by him as executor; that he be temporarily restrained from withdrawing further sums of the account from the depository in which they are now held; that the petitioner have an accounting of the estate; that she be awarded her share of the estate to which she is entitled under the will of H. V. Johnson; and for other and further relief.

The trial judge sustained the defendant's renewed oral motion to dismiss the petition on the ground that it is prematurely brought for settlement and accounting, and dismissed the petition as amended. The exception is to this judgment.

■ The allegations of the petition are not sufficient to show that a distribution of the estate of H. V. Johnson should be made at this time. All of his property was given by his will to his wife, Mrs. Ella Johnson, during her life or widowhood, and Mrs. Johnson is still in life. The petitioner, a remainderman under the will, contends that a distribution should now be made because of the sale of "certain lands in Hall County" which were owned by the testator. It is alleged that the lands were sold under an oral agreement between the executor, the life tenant, and all of the remaindermen, that the land would be subdivided and sold by an auctioneer, "and the proceeds from said sale distributed equally among the heirs of the said H. V. Johnson, deceased." It is asserted in the brief of the petitioner that the executor did not have authority under the will to sell any property of the testator except for the purpose of distribution, and we think a proper construction of the will supports this contention. The petitioner does not seek to set aside any conveyance in connection with the sale of the property, but seeks a distribution of the proceeds of the sale. Under the will of the testator, the estate is not ready for distribution until the termination of the life estate, and the petitioner can not require a distribution of the proceeds of the sale until the termination of the estate of the life tenant.

■ The next question for determination is whether or not the allegations of the petition state a cause of action for an accounting by the executor in a court of equity. The petitioner has not sought the removal of the executor and the appointment of a receiver, or to require the executor to make bond.

"Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." *Code* § 37-403. "Though a court of equity has concurrent jurisdiction with the ordinary over the settlement of accounts of executors (*Code* § 113-2203), it will not assume jurisdiction solely for that purpose unless it be shown that the remedies available in the court of ordinary are inadequate to afford complete relief to the party claiming to be aggrieved." *Salter v. Salter*, 209 Ga. 511 (2) (74 S. E. 2d 241); *Beecher v. Carter*, 189 Ga. 234 (5), 243 (5 S. E. 2d 648); *Hoffman v. Chester*, 204 Ga. 296 (49 S. E. 2d 760).

It is alleged that the life tenant has been declared incompetent, and that the defendant has been appointed as her guardian. It is asserted in this connection that there is a commingling of funds, and that the defendant is paying himself fees both as guardian and as executor from the estate. The petition does not disclose that there are funds to be administered by the defendant as guardian for Mrs. Johnson besides the income from the property of the estate which he represents as executor, and it is not shown how there could be a commingling of such funds. It is not alleged that the defendant has commingled funds of the estate with his personal funds. It is no legal ground of complaint that the defendant is receiving guardianship fees and executor fees, since he is entitled to his commissions for serving in each capacity for the two different estates, even though the property handled by him is the same. *Griffin v. Collins*, 125 Ga. 159, 164 (8) (53 S. E. 1004).

The petition alleges that the executor is misappropriating the funds held by him as executor, that he is serving without bond (under the provisions of the will relieving him from making

bond), and that he is insolvent. An allegation of insolvency of the executor is a substantial factor for consideration where there are specific allegations showing danger of loss to persons interested in the estate, but an allegation of insolvency, standing alone, is insufficient to authorize a court of equity to interfere in the administration of an estate. The ordinary has ample authority to investigate charges that an executor is mismanaging an estate, and to require him to give bond (*Code* § 113-1216), or to remove him as executor (*Code* §§ 113-1101, 113-1229). The allegations of the petition in the present case of misappropriation of funds, and the allegations in regard to the defendant compromising a debt of his own with the estate, are insufficient to show that the remedies available to the petitioner in the court of ordinary are inadequate to afford her complete relief.

It was not error to dismiss the petition as amended on the renewed oral motion of the defendant.

*Judgment affirmed. All the Justices concur.*