23129. TOWNSEND, Administrator v. TOWNSEND et al.

QUILLIAN, Justice. In the present case the exception is to a judgment overruling a general demurrer where it affirmatively appears upon the face of the petition that the court is without jurisdiction. Thus no right of action in the plaintiff is alleged. *Ruis v. Lothridge,* 149 Ga. 474 (2) (100 SE 635); *Mullally v. Mullally,* 199 Ga. 708 (2) (35 SE2d 199). The petition alleges that the defendant was previously appointed administrator of his wife's estate and is proceeding to sell her real estate for the purpose of paying the debts of the estate and distribution. The petition does not allege that any order of the ordinary was fraudulently procured or that the defendant did not have the legal right to be appointed if the ordinary found him to be competent. There is an averment by way of a conclusion that his purpose in obtaining the appointment as administrator was fraudulent, but it does not appear from the petition that notice was not given of his appointment, that any objection was filed to the same or any objection interposed to the order allowing the defendant administrator to sell the land. No appeal was taken from either order of the ordinary.

It is apparent that the ordinary had jurisdiction to appoint the defendant and to allow or disallow the sale of the deceased's property. In such a case equity will not interfere. *Gaines v. Johnson,* 216 Ga. 668, 670 (2) (119 SE2d 28); *Darby v. Green,* 174 Ga. 146 (162 SE 493); *Hamrick v. Hamrick,* 206 Ga. 564 (58 SE2d 145).

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965.

*Dawson & Phillips, Richard D. Phillips,* for plaintiff in error. *Albert E. Butler,* contra.