S98G1124. GNANN v. WOODALL et al.

(511 SE2d 188)

CARLEY, Justice.

Ms. Julia Mae Shiggs suffered brain damage and became comatose as the alleged result of medical malpractice. The probate court appointed Michael Mydell, Ms. Shiggs' common law husband, guardian of her person and property. In his representative capacity, Mydell retained the legal services of David Roberson for the purpose of filing in state court a malpractice action on behalf of his ward. Roberson, in turn, associated another attorney, John Woodall, to assist him in the case. During the course of trial, an oral settlement agreement was reached, and the defendants thereafter delivered significant sums to Roberson. Roberson deposited the money into his trust account. Prior to the approval of any written settlement agreement by the probate court, Roberson calculated attorney's fees as $2,400,000, and issued checks drawn on his trust account to himself and Woodall. Only then did Roberson and Woodall file petitions with the state court and probate court, seeking approval of the settlement. After removing Mydell as Ms. Shiggs' guardian and replacing him with J. Hamrick Gnann, the probate court refused to approve the settlement agreement and, finding that the disbursement of the settlement proceeds was improper, ordered Roberson and Woodall to pay all monies received by them on behalf of Ms. Shiggs into the registry of the state court. Ms. Shiggs died, and Gnann was appointed administrator of her estate. When Roberson and Woodall refused to pay the funds into the registry as ordered, the probate court held them in contempt. On appeal, the Court of Appeals reversed, concluding that the probate court exceeded its jurisdiction by requiring Roberson and Woodall to pay the money they claimed as attorney's fees into the state court's registry. In re Woodall, 231 Ga. App. 391 (499 SE2d 150) (1998). We granted certiorari to review this holding. We conclude that the probate court's jurisdiction to approve the settlement of the malpractice claim and to protect the best interests of the incapacitated ward confers upon that court the authority to require that the attorneys pay into the registry of court such settlement funds as they disbursed to themselves, and to hold them in contempt for their refusal to do so.

The Georgia Constitution of 1983, Art. VI, Sec. III, Par. I, pro-

vides that "[p]robate courts shall have such jurisdiction as now or hereafter provided by law, without regard to uniformity." Unless otherwise provided by law, probate courts have "original, exclusive, and general jurisdiction" over the appointment and removal of guardians, controversies as to the right of guardianship, and "[a]ll other matters and things as appertain or relate . . . to persons who are [mentally] incompetent. . . ." OCGA § 15-9-30 (a) (5) (6) (10).

The probate court's plenary jurisdiction in this regard does not cease upon the guardian's compromise of a contested or doubtful claim. Indeed, the probate court must first approve settlements based upon the best interest of the ward where, as here, all or part of the consideration for the settlement is not received as a lump sum payment. OCGA §§ 29-2-16 (b); 29-5-4 (2) (A); *Hay v. Norfolk Southern R.*, 879 FSupp. 1192, 1195 (II) (B) (N.D. Ga. 1994). Compare *King Cotton, Ltd. v. Powers*, 200 Ga. App. 549, 550 (2) (409 SE2d 67) (1991). Furthermore, after the institution of a legal action, the trial court must approve any settlement or, if the trial judge so permits, the settlement may be presented to the probate court for approval. OCGA §§ 29-2-16 (i); 29-5-4 (2) (A). Here, the state court approved the amount of the settlement of the malpractice claim but, as it was authorized to do, referred to the probate court all matters regarding the distribution of settlement funds. Since such settlement proceeds are the ward's property, the ward has the right to have them utilized so as "to provide adequately for his support, care, education, and well-being. . . ." OCGA § 29-5-7 (g) (3). The probate court may enforce this right by means of a "judicial inquiry" and by the entry of "appropriate orders to correct any abuse. . . ." OCGA § 29-5-7 (i).

A statutory scheme which requires the probate court's approval of a settlement entered into on behalf of a ward and which provides for that court's enforcement of the ward's right to have his estate used for his support and maintenance compels the conclusion that the probate court "has subject matter jurisdiction over the entire amount of settlement funds, which includes attorney['s] fees to be drawn therefrom." *In re Guardianship of Jadwisiak*, 593 NE2d 1379, 1383 (I) (Ohio 1992). "The entire settlement . . . was part of the ward's estate." *In re Guardianship of Jadwisiak*, supra at 1383 (I). As did the guardian's attorney in *Jadwisiak*, Roberson and Woodall interfered with "the probate court's function of controlling the ward's settlement proceeds by keeping over half of the proceeds as attorney['s] fees and distributing the remainder to the guardian without the probate court's approval of the settlement." *In re Guardianship of Jadwisiak*, supra at 1383 (I). Because of this interference, the probate court was unable to perform its statutory duties since it never had Ms. Shiggs' total settlement proceeds in its possession or control. *In re Guardianship of Jadwisiak*, supra at 1384 (I). Funds paid out

as attorney's fees before the probate court's approval of the settlement remain the property of the ward. Thus, rather than being unauthorized, the probate court's exercise of judicial power over the monies claimed by Roberson and Woodall was required by OCGA §§ 29-2-16 (b), (i); 29-5-4 (2) (A); 29-5-7 (g) (3), (i). *In re Guardianship of Jadwisiak*, supra at 1384 (I).

*Dowdy v. Jordan*, 128 Ga. App. 200, 211 (3) (196 SE2d 160) (1973) is distinguishable, as it did not involve proceeds from the settlement of a ward's cause of action. Thus, *Dowdy* stands only for the limited proposition that OCGA § 29-2-22 (a) implicitly authorizes a guardian to pay for legal counsel out of the ward's estate without an application to the probate court in those circumstances in which the probate court does not have jurisdiction over the ward's estate. *Dowdy* does not give the guardian blanket permission to pay attorney's fees where, as here, the relevant statutory law gives the probate court jurisdiction over the proceeds of a settlement. Similarly, cases cited by the Court of Appeals which hold that the probate court lacks jurisdiction over disputes regarding prior distributions by fiduciaries to third parties do not support the proposition that the probate court has no jurisdiction over a ward's settlement which, as a matter of law, must be approved by that court.

"The judge of the probate court shall have power to enforce obedience to all lawful orders of his court by attachment for contempt under the same rules as are provided for other courts." OCGA § 15-9-34 (a). Accordingly, the probate court's order to pay settlement funds into the state court registry was valid and, thus, the Court of Appeals erred in reversing the contempt order based upon the invalidity of the underlying order. Compare *In re Estate of Adamson*, 215 Ga. App. 613 (451 SE2d 501) (1994). Therefore, we reverse the judgment of the Court of Appeals and remand the case for consideration of the remaining enumerations of error.

*Judgment reversed and case remanded. All the Justices concur, except Benham, C. J., and Hines, J., who concur in the judgment only.*

DECIDED JANUARY 19, 1999 —
RECONSIDERATIONS DENIED FEBRUARY 19, 1999.

*Karsman, Brooks & Callaway, Dana F. Braun, R. Kran Riddle,* for appellant.

*Arnall, Golden & Gregory, Ann S. Infinger, Scott F. Bertschi, Betty Walker-Lanier,* for appellees.