A99A2055. HEATH v. SIMS et al.
(531 SE2d 115)

RUFFIN, Judge.

This case involves the issue of whether a probate court has jurisdiction over a claim against executors of an estate in which the claimants seek payment of damages for breach of a fiduciary duty. For reasons that follow, we hold that it does.

Brenda Sims Heath, a beneficiary under the will of Curtis Sims, filed a petition in probate court seeking the removal of the estate's executors, Wayne Michael Sims and Fred Edward Sims. On March 11, 1997, the probate court issued an order stating that "one or both Co-Executors may have certain conflicts of interest and may not have handled all estate matters entirely properly." But the probate court concluded that any improper actions on the part of the two executors did not rise to a sufficient level to warrant removal and denied Heath's petition. Nevertheless, the probate court indicated that it would address the possible conflict of interest "at a later date as a continuation of [the] petition or in a final accounting proceeding."

Heath apparently did not appeal the probate court's order, but on June 26, 1997, she filed suit against the executors in Fulton County Superior Court seeking damages for breach of fiduciary duty. Heath also requested an equitable accounting of the estate. The executors moved to dismiss the complaint on jurisdictional grounds, and the superior court granted the motion.

With respect to the breach of fiduciary duty claim, the superior court found that the "proper forum" for the dispute was the probate court. The superior court reasoned that a beneficiary could not "invoke the jurisdiction [of the superior court] merely by seeking punitive damages and attorney's fees for actions the Probate Court has already said would not be enough to support removal of the executors

of the estate in question." With respect to Heath's petition for an equitable accounting, the superior court noted that the probate court, in its order, indicated it would address the executors' handling of the estate at a later date or in a final accounting. Thus, the superior court concluded that Heath had adequate remedies in the probate court and that it was unnecessary for a court of equity to address the issues.

1. On appeal, Heath argues that the probate court lacks jurisdiction over the breach of fiduciary duty claim and, thus, the trial court erred in dismissing it. Without citing any authority for the proposition, she asserts that "the subject matter jurisdiction conferred upon the Probate Court does not include tort actions nor is breach of [a] fiduciary duty a 'general class of cases' which the Probate Court is empowered to hear."

OCGA § 15-9-30 (a) (10) provides that probate courts have "original, exclusive, and general jurisdiction" of "[a]ll . . . matters and things as appertain or relate to estates of deceased persons." Thus, although a probate court clearly does not have jurisdiction over a general breach of duty claim, it appears from the express language of the statute that the probate court *does* have jurisdiction over a claim that an estate's executors have breached their fiduciary duty.[1] Accordingly, the relevant inquiry is whether the probate court is divested of jurisdiction if a beneficiary under a will seeks damages for an executor's alleged breach of a fiduciary duty.

The Supreme Court recently addressed the extent of a probate court's jurisdiction. In *Gnann v. Woodall*,[2] the Supreme Court was asked to consider whether a probate court, in refusing to approve the settlement of a malpractice case brought on behalf of an incapacitated ward, had the authority to require attorneys to pay into the court registry the settlement funds the attorneys had disbursed to themselves and then hold them in contempt for failing to do so. In concluding that a probate court does have such authority, the Supreme Court noted that

> probate courts have "original, exclusive, and general jurisdiction" over the appointment and removal of guardians, controversies as to the right of guardianship, and "(a)ll other matters and things as appertain or relate . . . to persons who are (mentally) incompetent. . . ." OCGA § 15-9-30 (a) (5), (6), (10).[3]

---

[1] See *Gary v. Weiner*, 233 Ga. App. 284-285 (1) (503 SE2d 898) (1998) (probate court removed guardian for breach of fiduciary duty).

[2] 270 Ga. 516 (511 SE2d 188) (1999).

[3] Id. at 517.

Although *Gnann* involved a probate court's jurisdiction over persons who are mentally incompetent, it serves to remind us that, with respect to areas in which the probate court has been given exclusive, original subject matter jurisdiction, its authority is broad. Likewise, with matters relating to estates, the probate court has exclusive, original jurisdiction. It follows that a claim that an executor has breached a fiduciary duty would not fall outside the jurisdiction of the probate court simply because the plaintiff sought damages.[4] To hold otherwise would allow disgruntled beneficiaries to remove a case from the probate court, the forum best suited to adjudicating such disputes, simply by alleging a claim for damages. For these reasons, we agree with the superior court that the proper forum for Heath's grievance is the probate court. Accordingly, the superior court did not err in dismissing the complaint.[5]

2. Heath next alleges that the trial court erred in dismissing the petition for an equitable accounting. In Georgia, superior courts have exclusive jurisdiction over equity cases.[6] Thus, to the extent that Heath is entitled to bring an action for an equitable accounting, she can bring the action only in superior court. But it does not automatically follow that Heath is entitled to an equitable accounting.

Not every litigant has a right to an equitable accounting, which "is granted only in carefully prescribed and determined circumstances, such as when an accounting at law is inadequate."[7] Thus, if Heath has adequate legal remedies in the probate court, she is not entitled to equitable relief. The probate court "has ample authority to investigate charges that an executor is mismanaging an estate, and to require him to give bond."[8] Because the probate court can provide adequate relief, the superior court did not err in dismissing Heath's petition for an equitable accounting.[9]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 10, 2000 — ▪▪▪▪▪▪▪▪▪

*Caldwell & Watson, Harmon W. Caldwell, Jr., Wade H. Watson*

---

[4] See *Bandy v. Smith*, 211 Ga. 192, 193-194 (2) (84 SE2d 449) (1954).

[5] *Empire Fire &c. Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670, 671-673 (1) (507 SE2d 525) (1998).

[6] Ga. Const., Art. VI, Sec. IV, Par. I; *Moody v. Mendenhall*, 238 Ga. 689 (234 SE2d 905) (1977).

[7] *Herring v. Standard Guaranty Ins. Co.*, 238 Ga. 261, 262 (232 SE2d 544) (1977).

[8] *Gaines v. Johnson*, 216 Ga. 668, 671 (119 SE2d 28) (1961).

[9] See id.

*III, Melissa S. Price,* for appellant.
*Chesnut & Livingston, Tom Pye,* for appellees.